589 F.2d 335
 George D. OWEN, Appellant,
v.
The CITY OF INDEPENDENCE, MISSOURI, Lyle W. Alberg, City
Manager, Richard A. King, Mayor, Charles E. Cornell, Dr. Ray
Williamson, Dr. Duane Holder, Ray A. Heady, Mitzi A.
Overman, and E. Lee Comer, Jr., Members of the Council of
the City of Independence, Missouri, Appellees.
George D. OWEN, Appellee,
v.
The CITY OF INDEPENDENCE, MISSOURI, Lyle W. Alberg, City
Manager, Richard A. King, Mayor, Charles E. Cornell, Dr. Ray
Williamson, Dr. Duane Holder, Ray A. Heady, Mitzi A.
Overman, and E. Lee Comer, Jr., Members of the Council of
the City of Independence, Missouri, Appellants.
 Nos. 76-1758, 76-1799.
 United States Court of Appeals,
Eighth Circuit.
 Dec. 1, 1978.
Rehearing and Rehearing En Banc Denied Jan. 29, 1979.
 
 Irving Achtenberg, Kansas City, Mo., filed briefs for George Owen.
 Richard G. Carlisle and Thomas D. Cochran, Independence, Mo., filed brief for City of Independence, Mo.
 Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.
 OPINION ON REMAND
 BRIGHT, Circuit Judge.
 
 
 1
 In Owen v. City of Independence, Mo., 560 F.2d 925 (8th Cir. 1977), this court, relying on Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473 (1961), determined that appellant George D. Owen could not bring an action under 42 U.S.C. § 1983 (1970) against the City of Independence because it was not a "person" within the meaning of that statute, but that the municipality was subject to suit under an implied right of action arising directly from the fourteenth amendment of the Constitution. The Supreme Court granted the petition for writ of certiorari by the City of Independence, vacated the judgment, and remanded the case to us "for further consideration in light of Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)." City of Independence, Missouri v. Owen, --- U.S. ----, 98 S.Ct. 3118, 57 L.Ed.2d 1145 (1978). Monell modified Monroe v. Pape and permits section 1983 actions against local governing bodies.
 
 
 2
 On this remand we consider these questions: (1) under Monell, supra, does Owen demonstrate that official municipal policy deprived him of constitutional rights, in violation of section 1983; and (2) under the particular circumstances of this case with the narrow issue presented, is the City immune from damages. We answer both questions affirmatively. Our decision upon the second question requires a dismissal of the action.
 
 
 3
 I. Section 1983 Action.
 
 
 4
 The pertinent facts are set forth in our prior opinion. Owen, supra at 927-31. In Monell, the Supreme Court held that municipalities and other local government units could be sued as "persons" under section 1983 when
 
 
 5
 the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. (Monell, supra, 436 U.S. at 690, 98 S.Ct. at 2036.)
 
 
 6
 The Court determined that congressional intent permitted municipalities to be held liable when "action pursuant to official municipal policy of some nature caused a constitutional tort." Id. Although the language of section 1983 has not been read to impose vicarious liability on municipalities solely for the misdeeds of their employees, Monell makes clear that "when execution of a government's policy or custom (is) made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, (and it) inflicts the injury * * * the (municipality) as an entity is responsible under § 1983." Monell, supra at 694, 98 S.Ct. at 2038.
 
 
 7
 Turning to the application of Monell to the facts of this case, we noted in our prior opinion that the actions of the City of Independence deprived Owen of his constitutional right to liberty. Owen, supra at 934-37. The City stigmatized Owen when it reinforced councilman Roberts' allegedly slanderous charges of August 1972 by directing that an investigative report alleging misconduct in the police department be referred to the county prosecutor for presentation to the grand jury. In addition, after the city manager terminated Owen's employment as police chief, he publicly announced the referral of the investigative reports concerning police department inefficiencies to the county prosecutor for further action. The city charter of Independence did not entitle the police chief to a name-clearing hearing in connection with his discharge, and Owen was not given one. We conclude that the stigma attached to Owen in connection with his discharge was caused by the official conduct of the City's lawmakers, or by those whose acts may fairly be said to represent official policy. Such conduct amounted to official policy causing the infringement of Owen's constitutional rights, in violation of section 1983.
 
 
 8
 A post-Monell interpretation of section 1983 permits Owen to sue the City of Independence directly and, therefore, we find it unnecessary to rely on the Bivens doctrine as we did in our previous opinion. By enacting section 1983, Congress has provided an appropriate and exclusive remedy for constitutional violations committed by municipalities. Consequently, no reason exists to imply a direct cause of action under the fourteenth amendment.
 
 
 9
 II. Immunity.
 
 
 10
 In the particular circumstances of this civil rights action, we hold that the City of Independence is entitled to qualified immunity from liability.
 
 
 11
 The Supreme Court decided in Monell that municipal bodies sued under section 1983 are not protected by absolute immunity. However, both the Court's majority and Mr. Justice Powell's concurring opinion indicate that even after Monell, municipalities may have some limited immunity in section 1983 cases, the boundaries of which are yet to be defined. Monell, supra, 436 U.S. at 695, 701, 707-08, 712-13, 98 S.Ct. at 2038, 2041, 2044, 2047. We imply from the Court's discussion of immunity that local governing bodies may assert a limited immunity defense to actions brought against them under section 1983.
 
 
 12
 In the instant case, Owen contended that he possessed a property interest in continued employment as police chief and, upon being discharged, demanded a due process hearing. In our prior opinion we rejected Owen's contention relating to an alleged property interest. Owen, supra at 937-38.
 
 
 13
 Regarding the liberty interest, we previously decided that the municipal employer, in connection with the termination of Owen as the police chief of Independence, in effect made a "charge" which might seriously damage Owen's standing and reputation in the community. Owen, supra at 935-37. That is, "(t)he fact of actual stigma to Owen Connected with his discharge is undeniable, for the action of the City of Independence as employer served to blacken Owen's name and reputation." Owen, supra at 937. In addition, the City of Independence did not provide Owen with a hearing to vindicate his name. Accordingly, we held that the action of the City of Independence deprived Owen of a liberty interest without due process of law.
 
 
 14
 The district court, however, as an alternative ground for denying Owen relief, determined that the individual defendants established a good faith defense to Owen's charges by demonstrating that they could not reasonably have known of any obligation to afford Owen a name-clearing hearing and that they acted without malice in not providing such a hearing. Owen v. City of Independence, Mo., 421 F.Supp. 1110, 1117-18 (W.D.Mo.1976), Modified, 560 F.2d 925 (8th Cir. 1977). In our prior opinion we recognized the probable applicability of the good faith defense to a claim for damages, while we rejected its use in an action where backpay is an element of the equitable relief sought, as in the instant case. Owen, 560 F.2d at 940. Monell undermined such a distinction when the Supreme Court answered in the affirmative the following query raised by the grant of certiorari:
 
 
 15
 "Whether local governmental officials and/or local independent school boards are 'persons' within the meaning of 42 U.S.C. § 1983 when equitable relief in the nature of back pay is sought against them in their official capacities?" (Monell v. Dept. of Social Services of the City of New York, Supra, 436 U.S. at 662, 98 S.Ct. at 2021, 56 L.Ed.2d 611 (1978).)
 
 
 16
 That answer, in light of the immunity discussion in Monell, suggests that a limited immunity defense will apply to claims for equitable relief against municipalities.
 
 
 17
 The Supreme Court's decisions in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), crystallized the rule establishing the right to a name-clearing hearing for a government employee allegedly stigmatized in the course of his discharge. The Court decided those two cases two months after the discharge in the instant case. Thus, officials of the City of Independence could not have been aware of Owen's right to a name-clearing hearing in connection with the discharge.[1] The City of Independence should not be charged with predicting the future course of constitutional law. See Wood v. Strickland, 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Sullivan v. Meade Independent School District No. 101, 530 F.2d 799, 806 (8th Cir. 1976). We extend the limited immunity the district court applied to the individual defendants to cover the City as well, because its officials acted in good faith and without malice. We hold the City not liable for actions it could not reasonably have known violated Owen's constitutional rights.
 
 
 18
 Accordingly, our prior opinion, Owen v. City of Independence, Mo., 560 F.2d 925 (8th Cir. 1977), stands modified by this supplemental opinion on remand. Based on both this and our previous opinion, we affirm the judgment of the district court denying Owen any relief against the defendants in this case.
 
 
 19
 VAN OOSTERHOUT, Senior Circuit Judge, specially concurring.
 
 
 20
 I fully concur in the result and the basic reasoning supporting the affirmance in the majority opinion. I still adhere to my view expressed in my dissent in the former appeal at 560 F.2d 925, 941, and consider it an alternate basis for affirmance.
 
 
 
 [1]
 Before Owen's discharge, the Supreme Court appeared to find a liberty interest "(w)here a person's good name, reputation, honor, or integrity (was) at stake because of what the government (was) doing to him," which, when infringed, required the Government to provide the individual with notice and an opportunity to be heard. Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971). However, not until the Roth and Sindermann cases did the Court first recognize that a public employee, in the context of being terminated under circumstances imposing a stigma on his professional reputation and impairing his ability to find future employment, was entitled to notice and a name-clearing hearing