Henry STRINGER, Plaintiff,

v.

The CITY OF CHICAGO, an Illinois Municipal Corporation, D. Zajac, John Dough, an unknown Chicago Police Officer, and James M. Rochford, Defendants.

No. 77 C 3620.

United States District Court,
N. D. Illinois, E. D.

Feb. 12, 1979.

Matthew J. Piers, Clark, Thomas & Piers, Chicago, Ill., for plaintiff.

Mary Anast, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This is a civil rights action brought under 42 U.S.C. § 1983 and the Fourteenth Amendment, alleging false arrest, arrest under an ordinance violative of the First Amendment, and use of excessive force. Named as defendants are D. Zajac and John Dough, the Chicago Police officers who made the arrest in issue, James Rochford, then-Superintendent of the Chicago Police Department, and the City of Chicago. Before the court are the city's motion to dismiss and the motion of defendant Rochford for summary judgment.

The complaint alleges that on June 5, 1976, plaintiff was operating his automobile on a street in the city of Chicago. His progress was blocked by two other vehicles parked ahead of him. The occupants of these vehicles were Chicago police officers. After waiting about five minutes, plaintiff sounded his horn. Officer Zajac exited one of the parked cars, approached plaintiff, and informed him that he was under arrest. Zajac threatened to beat plaintiff, and handcuffed him so tightly as to cause injury to his wrists. Officers Zajac and Dough drove plaintiff in their vehicle to a point near Lake Michigan, where plaintiff was again threatened. The officers then had plaintiff taken to a Chicago police station and charged him with "unlawful use of horn" in violation of a city ordinance.[1] Plaintiff remained handcuffed at the police station for approximately one hour. Although defendant Zajac appeared in court and testified "falsely" against plaintiff, the charges were dropped.

Count I of the complaint is directed toward Zajac, Dough, and the city. It asserts that Zajac and Dough, acting in the course of their duties as Chicago police officers and exercising their authority as such, arrested plaintiff without a valid arrest warrant, without probable cause to believe that plaintiff had committed a crime, and pursuant to a city ordinance which violates the First Amendment. Count II is directed against the same defendants. Rather than focusing on the arrest and detention itself, however, it concerns the physical and mental suffering inflicted upon plaintiff. Count III, brought against Zajac and Dough only, alleges that the wrongful conduct asserted in Counts I and II was malicious and intentional. Finally, Count IV charges James Rochford with liability in connection with the misconduct of Zajac and Dough. (*See* part II., *infra*).

---

1. The city ordinance in question is § 27–264(b) of the Municipal Code of the City of Chicago, which provides:

 The sounding of any horn or signal device on any automobile, motorcycle, bus, or other vehicle while stationary, except as a danger signal when an approaching vehicle is apparently out of control, or, if in motion, only as a danger signal after or as brakes are being applied and deceleration of the vehicle is intended, or the creation by means of any such signal device of any unreasonably loud or harsh sound or the sounding of any such device for an unnecessary and unreasonable period of time, is hereby prohibited.

## I. THE CITY'S MOTION TO DISMISS.

The city has filed a motion to dismiss. This motion raised four arguments: (1) that it is not a "person" within the meaning of 42 U.S.C. § 1983; (2) that in any case it cannot be held liable because it is sued solely on a *respondeat superior* basis; (3) that the complaint "fails to state a claim" against the city; and (4) that the city ordinance attacked by plaintiff is constitutional.

### A. The City Is a "Person".

■ In support of its assertion that it is not a "person" for purposes of § 1983, the city relies on *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and cases following *Monroe*. Plaintiff responds that he is not seeking to hold the city liable under § 1983, but rather is suing directly under the Fourteenth Amendment, with 28 U.S.C. § 1331 as a jurisdictional basis. *See e. g. McDonald v. State of Illinois*, 557 F.2d 596 (7th Cir. 1977). However, since the filing of briefs on this motion, the Supreme Court has reversed *Monroe*, holding that a municipality is a "person" under § 1983. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This holding should be applied retroactively to pending cases. *See Cale v. City of Covington*, 586 F.2d 311 (4th Cir. 1978); *Kurek v. Pleasure Driveway*, 583 F.2d 378 (7th Cir. 1978), *vacated on other grounds*, 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81; *Stirling v. Village of Maywood*, 579 F.2d 1350 (7th Cir. 1978). In the wake of *Monell*, courts no longer need imply a cause of action for damages against municipalities based directly on the Fourteenth Amendment, *see Turpin v. Mailet*, 591 F.2d 426, (2nd Cir. 1979), (en banc), *on remand from* —— U.S. ——, 99 S.Ct. 554, 58 L.Ed.2d —— (1978), *vacating for reconsideration in light of Monell*, 579 F.2d 152 (2nd Cir. 1978) (en banc); *Owen v. City of Independence*, 589 F.2d 335 (8th Cir. 1978); *Cale v. City of Covington, supra; Leite v. City of Providence*, 463 F.Supp. 585, (D.R.I. 1978); *Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D.Pa.1978);

*see also Monell, supra*, 436 U.S. at 713, 98 S.Ct. 2018 (Powell, J., concurring), since *Monell* clearly establishes that a municipality must be viewed as a "person" under § 1983.

### B. Respondeat Superior.

■ Regarding the *respondeat superior* issue, it is true that vicarious liability will not be imposed under § 1983. *See Monell, supra. See also Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Thus, insofar as plaintiff seeks to hold the city liable for the alleged excessive use of force or unreasonable conduct of Officers Zajac and Dough, his allegations are insufficient. The complaint draws no connection between the city and such alleged misconduct other than the fact that Zajac and Dough were at relevant times acting as agents of the city. Plaintiff does not, however, rely solely on a *respondeat superior* theory against the city. Instead, he also alleges that his arrest and prosecution reflected the application of an officially adopted ordinance. To the extent that he has alleged a violation of his constitutional rights resulting directly from the implementation of an official policy or practice of the city, plaintiff has stated a claim against the city under § 1983. *Monell, supra.*

### C. Failure to State a Cause of Action— Mere Negligence.

■ The city's third argument, as indicated, is simply that plaintiff has failed to state a cause of action against it. In its briefs, the city has not developed this point, at least as a matter distinct from or going beyond the *respondeat superior* issue. Nevertheless, its assertion is sufficient to call for a general examination of the sufficiency of plaintiff's allegations. Such an examination reveals a serious deficiency. Hence, the city's motion will be granted.

In its present form, the complaint does not allege any form of fault on the part of the city in enacting and maintaining the disputed ordinance. Nor does it contain facts which would support the inference of fault. Therefore, denial of the city's motion to dismiss would indicate that a munic-

ipality can be held *strictly* liable in damages for arrests made pursuant to an ordinance not yet declared to be unconstitutional. This court will not enforce such a strict liability theory. No precedent supports the notion of strict liability under § 1983. Indeed, the Seventh Circuit, joined by most other circuits, has held that in order to prevail on a claim under § 1983 a plaintiff must prove malicious or reckless conduct, and that negligence alone is insufficient. *Jamison v. McCurrie,* 565 F.2d 483 (7th Cir. 1977); *McDonald v. State of Illinois, supra* ; *Little v. Walker,* 552 F.2d 193 (7th Cir. 1977); *Bonner v. Coughlin,* 545 F.2d 565, 568 (7th Cir. 1976) (collecting cases); *see also Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 863, 55 L.Ed.2d 24 (Burger, C. J., dissenting).

While these cases involved actions against individual defendants, there would appear to be no basis on which to distinguish post-*Monell* actions against municipalities. In positing the requirement of malicious or reckless conduct, the Seventh Circuit has relied on the notion that § 1983 is apparently limited in its essential purpose to the redress of intentional—defined as malicious or objectively reckless—violations of constitutional rights inflicted through the exercise of official authority. In *Bonner v. Coughlin, supra,* the court observed:

2. As yet, the Supreme Court has not seen fit to make such an extension of liability under § 1983. *See Procunier v. Navarette, supra,* 434 U.S. at 565, 98 S.Ct. at 862, n.14; *see also McCollan v. Baker,* 575 F.2d 509 (5th Cir. 1978), *cert. granted* — U.S. —, 99 S.Ct. 1015, 59 L.Ed.2d 71.

3. The complaint as presently drafted may also be subject to a motion to dismiss under the closely related doctrine of qualified immunity. *Monell* opened up the question of whether a municipality which may be liable under § 1983 is entitled to any type of qualified immunity from suit. Indeed, the *Monell* Court expressly noted this and indicated that it had not decided the issue. *Monell, supra,* 436 U.S. at 700, 98 S.Ct. at 2041. Courts dealing with the question of municipal immunity since *Monell* have held that a municipality is entitled to the same qualified reasonable good faith immunity extended to state executive officials. *Owen v. City of Independence, supra* ; *Bertot v. School District No. 1, Albany County, Wyoming,* No. 76-1169, slip opinion (10th Cir. Nov. 15, 1978); *Leite v. City of Providence, supra; see also*

The dissenting Justices in *Paul* [*v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)] were of the view that 'intentional conduct' infringing a person's liberty or property interests without due process of law is within the reach of § 1983 [citation omitted]. They went no further, nor need we. If Section 1983 is to be extended to cover claims based on mere negligence, the Supreme Court should lead the way.[2] 545 F.2d at 567.

*See also Paul v. Davis, supra,* 424 U.S. at 717, 96 S.Ct. 1155. Such a view does not readily lend itself to exceptions based on the type of defendant involved. Further, the application of an intent requirement to actions against municipalities will not create serious conceptual difficulties, since the recklessness standard is an objective one. *See Little v. Walker, supra,* 552 F.2d at 198, n.8.

Plaintiff's failure to set forth facts sufficient to support a claim that the city acted in an objectively reckless manner in enacting and maintaining the disputed ordinance is fatal to his claims against the city.[3] The city's motion to dismiss is therefore granted.[4] Plaintiff is hereby given leave to file an amended complaint on or before March 9, 1979.

*Turpin v. Mailet, supra,* 579 F.2d at 182–83 (Van Graafeiland, J., dissenting); *but cf. Hostrop v. Board of Junior College,* 523 F.2d 569 (7th Cir. 1975) (pre-*Monell* case involving action based on the Fourteenth Amendment) (includes a finding of waiver of immunity); *Kostka v. Hogg,* 560 F.2d 37, 41 (1st Cir. 1977) (suggesting a lesser form of immunity for municipalities); *Williams v. Brown,* 398 F.Supp. 155 (N.D.Ill.1975). Where a complaint fails to allege facts which suggest that the defendant has acted in a malicious or reckless manner, the defense of qualified immunity may be raised by a motion to dismiss. *See John v. Hurt,* 489 F.2d 786 (7th Cir. 1973); *Caruth v. Geddes,* 443 F.Supp. 1295 (N.D.Ill.1978); *Franklin v. Zuber,* 56 F.R.D. 610 (S.D.N.Y. 1972). *See generally* 5 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 1357, n.2.

4. Due to the result reached, it is not necessary to discuss the constitutionality of the statute.

## II. ROCHFORD'S MOTION FOR SUMMARY JUDGMENT.

Count IV of the complaint is directed toward defendant James Rochford, the Superintendent of the Chicago Police Department at the times in question. Count IV charges that prior to the time of plaintiff's arrest, defendant Zajac "had been the subject of several complaints of abusive conduct toward or maltreatment of citizens and otherwise had compiled an employment history indicating that he was likely to engage in abusive conduct toward or maltreatment of citizens", that "despite having notice of Zajac's complaint records and employment history, Rochford failed to assign him to duties in which he would not have the opportunity to mistreat citizens, to suspend him, to seek his discharge, or otherwise to prevent Zajac from engaging in abusive conduct towards citizens", and that these "acts and omissions of defendant Rochford were a proximate cause of plaintiff's injuries . . .."

It is not entirely clear from the complaint itself whether plaintiff seeks to charge defendant Rochford with negligence in the exercise of his supervisory authority or with some more culpable mental state. Neither negligence, recklessness, or wilful or malicious conduct is in terms alleged. However, plaintiff's arguments in opposition to Rochford's motion characterize the complaint as sounding solely in negligence. Further, it is nowhere asserted that Rochford had personal knowledge of Zajac's employment records, or that any of the alleged complaints against Zajac had been found to be meritorious upon investigation. Therefore, the court will treat the complaint as simply alleging negligence on defendant Rochford's part.

 Rochford argues that this failure to allege more than negligent supervision renders the plaintiff's allegations against him legally insufficient. This court agrees.

In order to establish the liability under § 1983 of supervisory officials for deprivations of constitutional rights through the acts of their subordinates, an affirmative link must be proven between their own acts or omissions and the actions directly causing the alleged violation, so that they can be said to have encouraged, approved of, or acquiesced in the violation. *See Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Jamison v. McCurrie, supra,* 565 F.2d at 485, n.1; *see also Monell, supra.* Such an affirmative link requires more than mere negligent supervision of those over whom a defendant has authority and control. As the Seventh Circuit stated in *McDonald v. State of Illinois, supra,* 557 F.2d at 601–602:

> We find the law to be clear that for plaintiff to state a cognizable claim, he must allege more than mere negligence on the part of these [individual supervisory and non-supervisory] defendants . . . [citations omitted] . . . Indeed, in the case of supervisory officials, he must allege some personal involvement in the deprivation. *See Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971).

*See also Bonner v. Coughlin, supra,* 545 F.2d at 569 (allegations of "mere negligent supervision" insufficient to state a claim under § 1983); *West v. Rowe,* 448 F.Supp. 58 (N.D.Ill.1978); *Jones v. McElroy,* 429 F.Supp. 848 (E.D.Pa.1977).

Accordingly, defendant Rochford's motion for summary judgment, treated as a motion to dismiss,[5] will be granted.

---

**5.** Defendant Rochford has filed an affidavit to the effect that he had no personal involvement in the events alleged in the complaint and the affidavit of Joseph Murphy, a Chicago Police Department records officer, stating that Officer Zajac had no "sustained" complaints of misconduct on his employment record. In reaching its decision, however, this court places no reliance on these affidavits.