### Shirley A. ONLEY

v.

### Detective Herman W. SIMMS and City of Lancaster and Penn Supreme and Penn Dairies, Inc. and Caroline Pratt and Phillip A. Kliewer and Marge Breniser c/o National Central Bank and National Central Bank.

### Civ. A. No. 79–1304.

United States District Court, E. D. Pennsylvania.

Sept. 20, 1979.

Gerald A. Stein, Joel D. Caney, Philadelphia, Pa., for plaintiff.

---

C. W. Mattson, R. P. Nuffort, Lancaster, Pa., J. K. Thomas, II, Harrisburg, Pa., for defendants.

## MEMORANDUM

TROUTMAN, District Judge.

Disappearance of cash which plaintiff, an employee of defendants Penn Dairies, Inc. and Penn Supreme (Penn), claimed to have deposited on behalf of her employer with defendant National Central Bank (Bank), July 10, 1978, led to an investigation which culminated in plaintiff's arrest two months later. Plaintiff was taken into custody, processed, fingerprinted, photographed and held for preliminary arraignment. However, the District Attorney of Lancaster County dropped the charges shortly before the Bank discovered the missing deposits stuck in the night depository in January 1979. Plaintiff then commenced this action alleging violations of the Fourth, Fifth, Ninth and Fourteenth Amendments and the Civil Rights Act of 1871, 42 U.S.C. § 1983.[1]

Defendants, who now move to dismiss the complaint, include Penn, the Bank, two Penn employees, one Bank employee, and Detective Herman W. Simms, an employee of defendant City of Lancaster. Specifically, plaintiff charges that the Penn and Bank employees acted under color of state law and conspired to deprive her of constitutional rights by maliciously making misleading and false statements to Detective Simms "when they knew or in the exercise of reasonable investigation and care would have known (that the accusations) would result in the arrest and prosecution of the plaintiff" for violation of 18 Pa.Cons.Stat. Ann. § 3927(a)(Purdon).[2] On September 15, 1978, relying *in part* on statements made by the Penn and Bank employees, Simms executed a complaint before a Lancaster County Justice of the Peace, who determined that probable cause existed to believe that plaintiff committed the theft. With the warrant that issued upon the complaint Simms arrested plaintiff, who now alleges that the criminal proceedings were "instituted and continued against the plaintiff . . . wholly without . . . probable cause" and thus violative of the Fourth Amendment. The instant situation is therefore unlike *Baker v. McCollan*, —— U.S. ——, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), in which the respondent did not attack the validity of the warrant under which he was arrested. In fact in *Baker* the respondent's 1983 claim was based on a sheriff's actions *after*, not before, arrest.[3] *Id.* at ——, 99 S.Ct. 2689. In the case at bar plaintiff *does* attack the validity of the arrest warrant. Arrest without probable cause is a constitutional violation. *Patzig v. O'Neil*, 577 F.2d 841, 848 (3d Cir. 1978). The issue therefore arises whether an allegation of simple negligence states a claim for relief under § 1983; more specifically, whether Detective Simms is liable under § 1983 if he negligently caused plaintiff to be arrested upon less than probable cause.

1. Plaintiff invokes jurisdiction of this Court pursuant to 28 U.S.C. § 1343(3).

2. This statute makes

(a) person who obtains property upon agreement or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount . . . if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition

guilty of theft.

Plaintiff also appends state claims for libel, slander, false arrest, false imprisonment, malicious prosecution and negligence at law and seeks attorney's fees under 42 U.S.C. § 1988.

3. Respondent had been taken into custody by Dallas, Texas, police and detained for three days after running a red light. Police records had indicated that he was wanted in Potter County on another charge. Actually, the Potter County offense had been committed by respondent's brother, who had masqueraded as respondent. Claiming that the Potter County sheriff was negligent in failing to investigate and learn of the mistaken identity, respondent brought this action under § 1983. The Supreme Court held that "(w)hatever claims this situation might (give) rise to under state tort law . . . it gives rise to no claim under the United States Constitution" and therefore none under § 1983. *Id.* at ——, 99 S.Ct. at 2694. Respondent, however, made no claim that the *arrest* was constitutionally deficient.

Although the Supreme Court has expressly reserved deciding the matter, *Baker v. McCollan, supra, Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), it has opined that the appropriate answer is "more elusive than it appears at first blush" and "may well not be susceptible of a uniform answer across the entire spectrum of conceivable constitutional violations which might be the subject of a § 1983 action". *Baker v. McCollan,* —— U.S. at ——, 99 S.Ct. at 2692. *See also Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), in which the court held that a specific intent to violate a constitutional right is not required in a § 1983 action but did not reach the question of whether a general intent without regard to whether the acts specifically were intended to violate a person's civil rights was necessary for a § 1983 action to lie.

■ Neither the Fourth nor Fourteenth Amendments guarantees that only the guilty will be arrested. And the Due Process Clause specifically does not mandate that "every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person". *Baker v. McCollan,* —— U.S. at ——, 99 S.Ct. at 2695, quoting *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). *A fortiori*, due process does not require exhaustion of every conceivable precaution to avert arresting an innocent person. Many courts agree that simple negligence may not form the predicate of a § 1983 claim. *Page v. Sharpe*, 487 F.2d 567, 569 (1st Cir. 1973) ("mere negligence, in the absence of conduct which shocks the conscious, in giving or failing to supply medical treatment to prisoners will not suffice"); *Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir. 1974) ("an isolated omission to act by a state prison guard does not support a claim under section 1983 absent circumstances indicating an evil intent, or recklessness, or at least deliberate indifference to the consequence of his conduct"); *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972) (mere negligence by a state prison doctor does not

support a claim of denial of federal constitutional rights); *Patzig v. O'Neil*, 577 F.2d at 848 ("police personnel may have acted negligently, perhaps even callously; but such actions do not amount to the 'intentional conduct characterizing a constitutional infringement' "); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976) ("to establish a constitutional violation, the indifference must be deliberate and the actions intentional"); *Howell v. Cataldi*, 464 F.2d 272, 279 (3d Cir. 1972) (plaintiff must adduce proof of either "wrongful intention or culpable negligence"); *Bryan v. Jones*, 530 F.2d 1210, 1215 (5th Cir. 1976) (*en banc*) (a jailer whose errors in a record-keeping system fall outside of his realm of responsibility cannot be found liable if he has acted reasonably and in good faith); *Puckett v. Cox*, 456 F.2d 233, 235 (6th Cir. 1972) (more than an isolated incident of negligence must be alleged); *Jamison v. McCurrie*, 565 F.2d 483, 486 (7th Cir. 1977) ("there is no constitutional cause of action for mere negligence on the part of police officers . . . . Plaintiff must show that their misbehavior was either intentional or in reckless disregard of his constitutional rights"); *McDonald v. Illinois*, 557 F.2d 596, 601 (7th Cir. 1977) ("for plaintiff to state a cognizable claim, he must allege more than mere negligence on the part of . . . defendants"); *Brown v. United States*, 486 F.2d 284, 287 (8th Cir. 1973) ("we are extremely hesitant to hold that mere simple negligence can be the basis of personal liability under § 1983"). *Cf. Procunier v. Navarette*, 434 U.S. at 568, 98 S.Ct. at 863 ("one who does not intend to cause and does not exhibit deliberate indifference to the risk of causing the harm that gives rise to a constitutional claim is not liable for damages under § 1983") (Burger, C. J., dissenting). *See also Stringer v. Chicago*, 464 F.Supp. 887, 890 (N.D. Ill. 1979), *Croswell v. O'Hara*, 443 F.Supp. 895, 898 (E.D. Pa. 1978), *Schweiker v. Gordon*, 442 F.Supp. 1134, 1138 (E.D. Pa. 1977), and *Jones v. McElroy*, 429 F.Supp. 848, 863 (E.D. Pa. 1977).[4]

---

4. There is contrary authority within this district, *Norton v. McKeon*, 444 F.Supp. 384 (E.D.

Pa. 1977) and *Culp v. Devlin*, 437 F.Supp. 20 (E.D. Pa. 1977), but the "naked possibility" of a

■ To distill from these disquisitions the appropriate standard by which to evaluate plaintiff's claims is no simple matter. Nonetheless, the appropriate standard seems to include both a subjective and objective element under the circumstances. If Detective Simms, acting in good faith, sincerely believed that probable cause existed that plaintiff committed the theft, *and* if he did not know, nor reasonably should have known, that his official action would violate plaintiff's rights or if he acted without malicious intent to deprive plaintiff of her constitutional rights, then defendant is not liable. *See also Wood v. Strickland,* 420 U.S. 308, 321–22, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), *Reese v. Nelson,* 598 F.2d 822, 827 (3d Cir. 1979), and *Princeton Community Phone Book, Inc. v. Bate,* 582 F.2d 706, 711 (3d Cir. 1978) and compare with *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances coupled with good-faith belief that afford a basis for qualified immunity of executive officers for acts performed in the course of official conduct"). Assuming the truth of plaintiff's allegation that Simms was negligent in determining probable cause, *Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), *United States v. New Wrinkle, Inc.,* 342 U.S. 371, 72 S.Ct. 350, 96 L.Ed. 417 (1952), under the above described standard Simms' negligence did not rise to a level actionable under § 1983. Plaintiff concedes that Detective Simms relied only *in part* on his conversations with the Penn and Bank employees, logical and potentially knowledgeable people for Simms to question. Independent investigation may have corroborated their information. Absent knowledge of a history of antipathy between these employees and plaintiff or some other indicia to alert Simms to suspect the employees' credibility and to make detailed inquiry, Simms acted reasonably. Prior to arresting plaintiff Detective Simms submitted his findings to the scrutiny of a neutral judicial officer who agreed that probable cause existed. This is not a situation, therefore, where a police officer made a warrantless arrest upon his own sole evaluation of probable cause. An evil intent, recklessness or deliberate indifference to the consequences of his actions is not discernible. To hold that Simms' failure to ascertain that the Penn and Bank employees' information may have been the product of malice constituting reckless negligence sufficient to give rise to a § 1983 claim would impose herculean obligations on law enforcement officers. Such possibilities inhere in. any situation in which private citizens provide information to an investigating officer. Unless the motivation for providing false or misleading information is readily apparent, a law enforcement officer cannot investigate or attempt to pierce the asserted for the actual motive behind every statement provided to him. Otherwise a police officer could never conclude that he had probable cause.

■ Defendant City of Lancaster is also not liable for

Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular . . . a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory. (emphasis in the original)

*Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Nor are the other defendants liable; without Simms there is no "color of state law". For private persons to be liable under § 1983 they must be "*jointly* engaged with state officials in the prohibited action". *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 152, 90

§ 1983 claim based on simple negligence cannot be adduced as "powerful argument for its realization". C. Karnow, *Saul Bryer, The Bushnell Lectures,* 1976–1977 (unpub. ms.) at 50.

S.Ct. 1598, 1605–06, 26 L.Ed.2d 142 (1970). Defendants' motions to dismiss will be granted.