Alice DeVASTO

v.

**Robert FAHERTY, John Tobin, James Crowley, David Johnstone, and Patrick Rose.**

Civ. A. No. 77–975–Z.

United States District Court, D. Massachusetts.

Nov. 14, 1979.

Jeffrey W. Kobrick, Cambridge, Mass., Civil Liberties Union of Mass., John Reinstein, Boston, Mass., for plaintiff.

Steven P. Perlmutter, Thomas F. McKenna, Jr., Asst. Corp. Counsel, City of Boston Law Dept., John J. Giuliani, Jr., Senior Legal Assist. Penal Institutions Dept., City of Boston, Boston, Mass., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This civil rights action arises from a search of plaintiff's home by defendant police officers of the City of Boston and corrections officers of the Boston Penal Department. Plaintiff brings her claim pursuant to 42 U.S.C. § 1983 and Amendments Four, Eight, and Fourteen to the U.S. Constitution.[1] The case is before me on plaintiff's motion for leave to amend her complaint to add the City of Boston as a defendant, and on defendants' motion for partial summary judgment.

The events in question took place on June 26, 1976. On that date defendants entered and searched plaintiff's home in West Roxbury for her son Arthur DeVasto, who had earlier escaped from the Deer Island House of Correction. Defendants entered plaintiff's home without permission and conducted the search over plaintiff's protest. They

---

1. Plaintiff also invokes the pendent jurisdiction of the court with respect to related state claims.

possessed an arrest warrant, but did not have a search warrant. They did not find Arthur DeVasto in plaintiff's home. Plaintiff claims that Arthur DeVasto had not lived at her home immediately prior to his incarceration, and that she had informed defendants both at the time of their forced entry and earlier that evening that her son was not at her home. She also asserts that on both visits she informed defendants that they would not be admitted to her house without a search warrant. She further alleges that although she did not resist Officer Faherty's entry, he assaulted her after breaking open her door by "grabbing her arms and throwing her through the doorway and down a flight of steps." Defendants conceded that they entered the house without plaintiff's permission, but state that it was plaintiff who first attacked by punching Officer Rose, who then "grabbed the plaintiff by both arms to . . . protect himself". Plaintiff contends both that the search without a search warrant and the alleged assault upon her person were unconstitutional, and she seeks damages for both.

Plaintiff has moved to amend her complaint to add the City of Boston ("City") as a defendant upon the theory that liability for the allegedly illegal search must be shared by the City which, admittedly in good faith, trained and instructed its police officers to conduct searches of private homes without search warrants. Defendants oppose the motion on the ground that plaintiff's concession that the City acted in good faith cloaks those actions in a shroud of immunity. The proposed amendment would thus be insufficient to state a claim, and the Court should deny plaintiff leave to amend.

■ Plaintiff's motion raises a specific question: in light of the Supreme Court's holding that municipalities, like public employees, are "persons" liable under 42 U.S.C. § 1983 for constitutional torts, *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978), does good faith conduct by a municipality enjoy the same immunity from recovery under § 1983 as good faith conduct by a public employee? See *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (delineating the scope of good faith immunity for the acts of public employees), *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) and *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). The Court specifically deferred decision of this question in *Monell*: "[w]e express no views on the scope of any municipal immunity beyond holding that municipal bodies sued under § 1983 cannot be entitled to an absolute immunity . . .", 436 U.S. at p. 701, 98 S.Ct. at p. 2041. However, all three U.S. Courts of Appeal which have addressed the question have acknowledged immunity for good faith conduct of municipal corporations congruent with that of immunity for conduct of public officials. *Sala v. County of Suffolk*, 604 F.2d 207 (2d Cir. 1979); *Owen v. City of Independence, Missouri*, 589 F.2d 335 (8th Cir. 1978), *Bertot v. School District No. 1, Albany County, Wyoming*, 47 U.S.L.W. 2336, Civ.No. 76–1169 (10th Cir. Nov. 15, 1978).[2]

The Supreme Court premised qualified immunity of public officials on two mutually dependent rationales: "(1) the injustice, particularly in the absence of bad faith, of subjecting to liability an officer who is required, by the legal obligations of his position, to exercise discretion; (2) the danger that the threat of such liability would deter his willingness to execute his office with the decisiveness and the judgment required by the public good." *Scheuer v. Rhodes*, 416 U.S. 232, 240, 94 S.Ct. 1683, 1688, 40 L.Ed.2d 90 (1974). As the Court of Appeals for the Second Circuit reasoned in *Sala v. County of Suffolk, supra*, at 210–211, although the first rationale applies uniquely to the conduct of individual officials performing their professional capacities in good faith, the second rationale set forth by the Supreme Court is both applicable and compelling. Undifferentiated § 1983 liabili-

---

2. District courts have similarly found immunity in cases of good faith municipal actions. *See e. g. Leite v. City of Providence*, 463 F.Supp. 585 (D.R.I.1978), *Ohland v. City of Montpelier*, 467 F.Supp. 324 (D.Vt.1979), *Stringer v. City of Chicago*, 464 F.Supp. 887 (N.D.Ill.1979); *contra, Shulman v. City of Philadelphia*, 470 F.Supp. 449 (E.D.Pa.1979).

ty for good faith municipal conduct would "unduly inhibit 'the vigorous exercise of official authority' ", *Sala v. County of Suffolk, supra,* at 210, quoting *Butz v. Economou, supra,* 438 U.S. at 506, 98 S.Ct. 2894.

Immunity for the good faith conduct of municipalities appropriately balances the public interest in safety with the need to remedy constitutional torts committed by municipalities. As the Court of Appeals for the Tenth Circuit acknowledged in *Bertot v. School District No. 1, Albany County, Wyoming, supra,* municipalities, like individual officers, may rightly be cowed in their exercise of authority by the fear of broad liability. *Bertot, supra,* Slip Op. at 3. Indeed, the financial perch of a municipality may, as a practical matter, be every bit as precarious as that of any of its employees, and a limited liability which exempts good faith conduct is as crucial to municipalities as it is to their employees.

In *Monell, supra,* 436 U.S. at 701, 98 S.Ct. at 2041, the Court observed that "municipal bodies sued under § 1983 cannot be entitled to absolute immunity, lest our decision that such bodies are subject to suit under § 1983 'be drained of meaning' ", *ibid.,* citing *Scheuer v. Rhodes,* 416 U.S. at 248, 94 S.Ct. 1683. On the other hand, the Court's elaboration of the rationale for qualified immunity in *Scheuer, Butz* and *Woods* is convincing evidence that the Court did not appoint a course of the opposite extreme, of strict municipal liability. As the vast majority of the courts have determined, a balance of those considerations requires qualified immunity for good faith conduct. Plaintiff's concession of the City's good faith role in this action, thus, precludes the existence of a claim against the City. Accordingly, the motion to amend the complaint to add the City is denied for failing to state a claim. See 3 Moore's Federal Practice ¶ 15.08[4]. See especially *id.,* at n. 15, and cases cited there.

■ Defendants' motion for partial summary judgment addresses plaintiff's claims of implied rights of action arising under the Fourth, Eighth and Fourteenth Amendments with which claims[3] she seeks to supplement her action under § 1983. *See, e. g., Bivens v. Six Unknown Named Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Kostka v. Hogg,* 560 F.2d 37 (1st Cir. 1977), a case with claims somewhat similar to those of the instant case, the Court of Appeals observed that "[w]hen there is a request for the judicial creation of a supplemental damages remedy arising directly under a constitutional provision, *Bivens,* we think, teaches that a federal court should proceed with caution." *id.,* at 42. It then rejected an invitation to infer a cause of action under the Fourteenth Amendment for plaintiff's claim of police brutality.

*Kostka* relied, in part, on the fact that the U.S. Supreme Court had specifically rejected a § 1983 claim against a municipality in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). As noted above, the Supreme Court has since overruled that decision in *Monell v. Dept. of Social Services of the City of New York.* Nonetheless, I agree that "[t]he *Monell* decision . . . might alter the *Kostka* reasoning, but not its result". *Leite v. City of Providence,* 463 F.Supp. 585, 587 (D.R.I.1978). *Monell* itself suggests the continued vitality of the holding in *Kostka:* "Rather than constitutionalize a cause of action against local government that Congress intended to create in 1871, the better course is to confess error and set the record straight, as the Court does today", 436 U.S. at 713, 98 S.Ct. at 2047. (Powell, J., concurring).

So read, *Monell,* in fact, bolsters the holding of *Kostka v. Hogg.* The Court of Appeals for the Second Circuit came to a similar conclusion earlier this year upon remand, in light of *Monell,* of its earlier decision to imply a direct cause of action under the 14th Amendment,

> *Monell* held that § 1983 suits may be brought against municipalities under conditions essentially coextensive with those we imposed on [the decision vacated by

---

**3.** I consider this motion without evaluating the sufficiency of the pleadings, looking instead to the "species" of claim generally described as causes of actions implied directly from Constitutional provisions.

the Supreme Court, at [439 U.S. 974] 99 S.Ct. 554 [58 L.Ed.2d 645]]. We therefore conclude that—under the very rationale of our prior opinion—there is no place for a cause of action against a municipality directly under the 14th Amendment, because the plaintiff may proceed against the [defendant City] under § 1983. *Turpin v. Mailet,* 591 F.2d 426, 427 (2d Cir. 1979) (en banc).

*Accord, Molina v. Richardson,* 578 F.2d 846 (9th Cir. 1978).

In light of the clear holding of *Kostka v. Hogg* and these affirmations of its holding since *Monell,* I conclude that plaintiff states no causes of action which can be implied from Constitutional provisions to supplement her § 1983 claim. Accordingly, defendants' motion for partial summary judgment as to the claimed implied causes of action under the Constitution is allowed.