Delores TEAGUE, Appellant,

v.

**CITY OF ST. LOUIS, Missouri, Appellee.**

No. 78–1648.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1980.

Decided Feb. 28, 1980.

Rehearing and Rehearing En Banc
Denied March 21, 1980.

Anthony L. Anderson, Anderson, Preuss & Zwibelman, Clayton, Mo., for appellant.

Judith A. Ronzio, Asst. City Counselor, St. Louis, Mo., for appellee; Jack L. Koehr, City Counselor, St. Louis, Mo., on brief.

Before ROSS and HENLEY, Circuit Judges, and PORTER, District Judge.*

HENLEY, Circuit Judge.

Plaintiff a black woman, was employed by the St. Louis Department of Health and Hospitals from December, 1971 to August, 1974 as a "Sanitarian I." This position involved block by block, house by house inspections for sanitation violations such as rat infestations or faulty trash containers. Plaintiff was fired, and the City's Civil Service Commission approved her dismissal. A white male was hired to take her place. Plaintiff claims that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976) by discriminating against her on account of her race and/or sex. She further claims that her dismissal was arbitrary, without due process, and in violation of 42 U.S.C. § 1983 (1976). She asserts that the district court erred in not finding a Title VII violation, and in not considering her § 1983 claim. We disagree and affirm the decision.

The district court found that the plaintiff had established a prima facie case of discrimination, but that the defendant rebutted her case by showing adequate reasons for the dismissal. That court further found that the plaintiff was not treated any differently from others, and that she had failed to establish that defendant's reasons for her dismissal were pretextual in nature.

The district court did not consider plaintiff's § 1983 claim because at the time of its decision the liability of a municipal defendant under § 1983 was governed by *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). That case held that

---

* The Honorable Donald J. Porter, United States District Judge for the District of South Dakota, sitting by designation.

cities were not "persons"[1] for purposes of § 1983 and hence not subject to liability under that statute. 365 U.S. at 191–92, 81 S.Ct. at 486–87. Two months after the district court made its decision in this case, the Supreme Court overruled *Monroe* to the extent that it held that cities were not subject to liability under § 1983; that they are so subject was established by *Monell v. New York City Department of Social Services*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021–2022, 56 L.Ed.2d 611 (1978). Plaintiff moved for a new trial, but her motion was denied.

Defendant's announced reasons for firing the plaintiff were absenteeism, poor service ratings, and unwillingness and/or inability to perform work. Plaintiff responded that at the time of her dismissal she had accumulated seventeen hours of unused sick leave, and that her attendance was rated "average/adequate" in December, 1973. Further, the City's Civil Service Manual called for three ratings of "inadequate" before dismissal, and she had received only two. Finally, plaintiff says that while it was the defendant's official policy that sanitation inspectors should work alone and on foot, white males were allowed to violate this policy with impunity, but she was not.

■ Any Title VII case has three stages. In the first stage, a plaintiff must establish a prima facie case of discrimination. The prima facie case here is that plaintiff is a black woman, she was fired and a white man was hired to take her place. In the second stage of a Title VII action, the defendant must rebut plaintiff's prima facie case by articulating some non-discriminatory reasons for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The defendant need not prove absence of discriminatory motive; it only needs to articulate nondiscriminatory justifications for its actions. *Board of Trustees*

of *Keene State College v. Sweeney*, 439 U.S. 24, 25, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978). At the third stage of Title VII litigation, the plaintiff "must be afforded a fair opportunity to demonstrate that [defendant's] assigned reason for [its action] was a pretext or discriminatory in its application." *McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 807, 93 S.Ct. at 1826–27.

■ Plaintiff argues that defendant failed to produce enough evidence to rebut her prima facie case. She asserts there was insufficient evidence to establish her absences, her refusals to work alone, and a refusal to work in the field. There was, however, evidence in the record to support the trial judge's conclusion that these events occurred. We cannot say that his findings here are clearly erroneous.

■ Plaintiff also asserts that even if defendant rebutted her case, its justifications were a pretext or discriminatory in application. Specifically, she claims the district court erred in failing to find that (1) white males were allowed to violate defendant's policy that inspectors should work alone and on foot, (2) plaintiff's discharge was in part retaliation for an earlier complaint she made against defendant to the EEOC, and (3) defendant's supervisor used the Civil Service Rating Manual to evaluate plaintiff's performance in a discriminatory manner. The district judge specifically found that defendant's policies regarding pairing of inspectors and the use of cars were not applied unequally and there was evidence in the record to support this finding. The trial judge made no specific findings as to (2) and (3) but he did dispose of them indirectly. By concluding that plaintiff failed to establish defendant's justifications for dismissal were pretextual, he rejected her retaliation claim. Since he found plaintiff did not properly perform her

---

1. 42 U.S.C. § 1983 (1976) provides:

   Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jur-isdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

duties, he implicitly rejected her claim of discriminatory evaluations. We find no error in the trial judge's conclusions that plaintiff failed to establish either unequal treatment or that defendant's justifications were pretextual.

■ . Plaintiff's § 1983 argument[2] rests on defendant's alleged failure to follow its usual procedures with regard to her dismissal. According to the defendant's Civil Service Manual, employees should be rated every twenty-six weeks. There is also a provision whereby the appointing authority (in this case the Department of Health and Hospitals) may request a sixty day rating. If an employee receives three "inadequate" ratings, he must be dismissed. Plaintiff received only two "inadequate" ratings, and she had thirteen weeks to go until her next rating. No sixty day rating was requested.

Plaintiff asserts that she had a property interest in her continued employment at least until the third service rating, and then to be terminated only if she was again rated as "inadequate." She analogizes her interest to that of the welfare recipients in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct.

1011, 25 L.Ed.2d 287 (1970). In that case the Supreme Court recognized that welfare recipients have a property interest in continued benefits, because the payments "are a matter of statutory entitlement for persons qualified to receive them." *Id.* at 262, 90 S.Ct. at 1017. In this case plaintiff argues she was entitled to rely upon the procedures set up in the Civil Service Manual. Further, she says that defendant's failure to follow its usual procedures deprived her of her property interest in her job arbitrarily, and without procedural due process, giving rise to a cause of action under § 1983.

We will assume but not decide that a public employee who satisfactorily performed his duties would have a property right to continued employment under the evaluation of the defendant.[3] The question remains whether, given the facts found by the district court, there is any possibility that plaintiff could prevail on her § 1983 claim. This court will not remand the case for the § 1983 claim if there is no purpose in doing so.[4]

---

**2.** Defendant argues that *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), should not be applied retroactively to this case. However, we applied *Monell* retroactively in *Owen v. City of Independence*, 589 F.2d 335 (8th Cir. 1978), *cert. granted,* —— U.S. ——, 100 S.Ct. 42, 62 L.Ed.2d 28 (1979). *Owen* has been argued before the Supreme Court, but not yet decided. We will proceed upon the assumption that *Monell* should at least apply to cases pending at the time it was decided.

**3.** Defendant argues that its manual calls for mandatory dismissal if an employee receives three inadequate ratings. Defendant asserts that this rule does not say that before an employee may be dismissed, he must receive three "inadequate" ratings. There can, in other words, be other occasions which would call for dismissal. Under defendant's interpretation, there would be no property right to positions such as plaintiff had.

**4.** *Tyler v. Woodson*, 597 F.2d 643 (8th Cir. 1979). In that case the plaintiff had not alleged that the injury inflicted upon him by an employee of the defendant municipality was pursuant to any official policy of the defendant. Under *Monell v. New York City Department of*

*Social Services, supra*, 436 U.S. at 691–93, 96 S.Ct. at 2036–37, isolated acts by public officials are not enough to subject a municipality to § 1983 liability; the acts must be pursuant to some municipal policy. Thus, in *Tyler* there would have been no purpose in remanding the case against the municipality, even though the acts complained of arguably violated the constitutional rights of the plaintiff.

Plaintiff does not assert that the written procedure of three "inadequate" ratings before dismissal is an unconstitutional policy nor does she claim reversal for any lack of administrative hearing. Instead she complains that defendant failed to follow its written procedure. She views the entire procedure—the dismissal by the St. Louis Department of Health and Hospitals, and the approval by the City's Civil Service Commission—as evidence of an unconstitutional policy of arbitrary dismissals. Plaintiff's reasoning is circular—since she was fired arbitrarily, there must be a policy of arbitrary dismissals, and therefore defendant's act of dismissal comes within § 1983. The problem here is an attempt to distinguish policy and conduct. In *Owen v. City of Independence, supra*, the Supreme Court may consider the question of policy/conduct distinctions, and the scope of local government immunity under

In this case the findings of fact of the trial judge preclude the possibility that he would find plaintiff's dismissal was arbitrary and capricious. Specifically, he found that plaintiff could not be found in her assigned area on at least four occasions, and that she was docked several times for unexcused absence. He found she refused to work alone at least twice, even though it was defendant's policy that exterior inspectors should work alone. In addition, on one occasion she refused to work in the field, claiming it was too dangerous for a woman to work without a car. Based on these findings, defendant clearly was justified in firing her. No matter what its usual procedures were, defendant is not required to keep employees who skip work and refuse to perform the normal duties of the job. This is especially true in a job such as this one, where employees evidently remain unsupervised most of the time.

Since we find the district judge correctly decided the Title VII claim, and since we can find no purpose for a remand under § 1983, the judgment of the district court is affirmed.

of the trial court, the defendant's actions were arbitrary.
§ 1983. We, therefore, will base our decision on the question of whether, given the findings