623 F.2d 550
 George D. OWEN, Appellant,
v.
The CITY OF INDEPENDENCE, MISSOURI, Lyle W. Alberg, City
Manager, Richard A. King, Mayor, Charles E. Cornell, Dr. Ray
Williamson, Dr. Duane Holder, Ray A. Heady, Mitzi A.
Overman, and E. Lee Comer, Jr., Members of the Council of
the City of Independence, Missouri, Appellees.
George D. OWEN, Appellee,
v.
The CITY OF INDEPENDENCE, MISSOURI, Lyle W. Albert, City
Manager, Richard A. King, Mayor, Charles E. Cornell, Dr. Ray
Williamson, Dr. Duane Holder, Ray A. Heady, Mitzi A.
Overman, and E. Lee Comer, Jr., Members of the Council of
the City of Independence, Missouri, Appellants.
 Nos. 76-1758, 76-1799.
 United States Court of Appeals, Eighth Circuit.
 July 1, 1980.
 
 Richard G. Carlisle, Independence, Mo., for City of Independence, Mo.
 Achtenberg & Achtenberg, Kansas City, Mo., for George D. Owen.
 Before BRIGHT and ROSS, Circuit Judges.*
 ORDER ON REMAND
 BRIGHT, Circuit Judge.
 
 
 1
 In Owen v. City of Independence, Mo., 589 F.2d 335 (8th Cir.1978) (Owen II ), this court determined that appellant George D. Owen could bring an action under 42 U.S.C. Sec. 1983 (1976) against the City of Independence as well as its officials in their official capacities because he had demonstrated that the conduct of city officials deprived him of his constitutional rights in furtherance of official policy. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). This court also held, however, that the City was entitled to qualified immunity from liability based upon the good faith of its officers. The Supreme Court granted certiorari upon this latter issue and reversed, holding that municipalities enjoy no immunity under 42 U.S.C. Sec. 1983. Owen v. City of Independence, Mo., --- U.S. ---, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).
 
 
 2
 In light of the Supreme Court's holding, we must reverse the judgment of the district court dismissing Owen's action. The action will be remanded to the district court for further proceedings consistent with part I of our opinion in Owen II, supra, 589 F.2d at 336-37, the opinion of the Supreme Court, --- U.S. ---, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), and parts II and III of our earlier opinion in Owen v. City of Independence, Mo., 560 F.2d 925 (8th Cir.1977) (Owen I ). Notwithstanding our comments in part IV of Owen I, the district court remains free to fashion a remedy for Owen's constitutional deprivations and to award appropriate relief.
 
 
 3
 Appellate Owen is awarded his costs on appeal. The district court shall have discretion to determine and award attorney's fees for all services rendered in this action.
 
 
 
 *
 The Honorable Martin D. Van Oosterhout, who sat on this case when it was before the court in 1978, is now deceased