**Melvin Leroy TYLER, Appellant,**

v.

**"RON" DEPUTY SHERIFF OR JAIL-OR/CUSTODIAN OF PRISONERS, DIV. 15, ST. LOUIS COUNTY CIRCUIT COURT, Individually and collectively, Julian Cosentino, Assistant Circuit Attorney, St. Louis County Prosecuting Office, Clayton, Mo. and Judge Campbell, Circuit Court, St. Louis County, Clayton, Missouri, Appellees.**

No. 77–1885.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1978.

Decided April 18, 1978.

Melvin Leroy Tyler, filed brief pro se.

Thomas W. Wehrle, St. Louis County Counselor, and Donald J. Weyerich, Asst. County Counselor, Clayton, Mo., filed brief for "Ron", Deputy Sheriff.

Noel L. Robyn, Asst. Pros. Atty., Clayton, Mo. filed brief for appellee, J. D. Cosentino.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

On September 23, 1977, Melvin Leroy Tyler, who was in the custody of state law enforcement officers under the terms of a previously imposed sentence, was taken to the St. Louis County Courthouse for arraignment on other charges. While awaiting his arraignment, he was placed in a holdover cell. The jailor, one of the defendants in this suit, took from Tyler the legal papers Tyler was carrying. Later in the day, before he appeared for his arraignment, all the papers were returned to Tyler.

Tyler filed a complaint charging that the defendant's taking of his legal papers was violative of his constitutional rights and of 42 U.S.C. §§ 1983 and 1985. He sought various forms of relief, including damages. The District Court dismissed the complaint. We affirm.

To state a claim under 42 U.S.C. §§ 1983 or 1985, one must allege deprivation of a constitutional right. Access to the courts is a right guaranteed by the Fifth

and Fourteenth Amendments to the Constitution. *Ex Parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The taking of a prisoner's legal papers states a claim under 42 U.S.C. §§ 1983 or 1985 if the taking results in interference with or infringement of the prisoner's constitutional right of access to the courts. *Sigafus v. Brown,* 416 F.2d 105 (7th Cir. 1969).

Tyler's complaint does not allege facts which, if taken as true, would support a finding that the taking of his legal papers for a few hours denied, interfered with or infringed his right of access to the courts. No claim is made that his ability to represent himself at the arraignment or at any future proceeding was impaired or prejudiced. He also states that all the papers were returned to him. Therefore, the complaint was properly dismissed for failure to state a claim upon which relief could be granted. The dismissal by the District Court is affirmed.