Melvin Leroy TYLER, Appellant,

v.

Claude WOODSON, Chief of Social Workers and St. Louis County, a Subdivision, Appellees.

No. 79–1023.

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 1979.

Decided May 3, 1979.

Melvin Leroy Tyler, pro se.

Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., Thomas W. Wehrle, County

Counselor and Donald J. Weyerich, Sp. Asst. County Counselor, Clayton, Mo., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Melvin Leroy Tyler filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants confiscated certain of Tyler's "legal papers" thereby infringing his constitutional right of access to the courts. The District Court dismissed the complaint for failure to state a claim for relief and Tyler timely appealed. We affirm in part and reverse and remand in part.

■ Defendants are Claude Woodson, allegedly the Chief Social Worker at the St. Louis County Jail, and St. Louis County. We agree with the District Court that the complaint fails to state a claim against defendant St. Louis County. The complaint alleges only that the County failed to take any action to prevent the confiscation or to secure the return of Tyler's papers. It thus fails to allege that the confiscation was pursuant to an established County practice, policy or custom as is required to state a claim under 42 U.S.C. § 1983 against a local government unit. *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, we affirm the dismissal with respect to defendant County.

■ However, with respect to defendant Woodson, we hold the complaint states a claim for relief. It alleges that on January 24, 1978 at St. Louis County Jail defendant Woodson confiscated Tyler's "legal papers."[1] Pursuant to a court order most of the papers were returned to Tyler. However, a large envelope was not returned. This envelope allegedly contained

> log sheets for approximately a year or so, listing names of witnesses, addresses,

their expected testimonies, and listing each and every occurrence relating to plaintiff of his pending charges, including statements of witnesses that may be useful. The envelope also contained numerous clippings from news articles that would also be used and an affidavit.

The complaint further alleges that these materials were compiled in preparation for Tyler's three pending criminal cases, and that the lack of these materials impaired Tyler's ability to defend himself at trial. The complaint requests the return of the papers and damages.

In *Tyler v. "Ron" Deputy Sheriff,* 574 F.2d 427, 429 (8th Cir. 1978), this Court stated:

> The taking of a prisoner's legal papers states a claim under 42 U.S.C. §§ 1983 or 1985 if the taking results in interference with or infringement of the prisoner's constitutional right of access to the courts. *Sigafus v. Brown,* 416 F.2d 105 (7th Cir. 1969).

However, in that case, the alleged taking was for a period of only a few hours and all papers were returned to the plaintiff. Further, plaintiff failed to allege that he was in any way prejudiced by the temporary taking of his papers. Accordingly, we held the complaint insufficient to state a claim for infringement of the prisoner's constitutional right of access to the courts.

■ In the present case, Tyler has specifically alleged that defendant Woodson confiscated his papers, that important papers have not been returned, and that the confiscation interfered in a specific manner with his access to the courts. Construing, as we must, the allegations of the complaint in the light most favorable to plaintiff and resolving all doubts in his behalf, we hold the complaint adequately states a claim for relief against defendant Woodson. We are mindful that in reviewing the sufficiency of a complaint the issue is not whether the

---

1. The language of the complaint is "defendant Woodson had plaintiff's legal papers confiscated." This sufficiently alleges that Woodson personally was responsible for the alleged confiscation.

This is the second suit Tyler has filed regarding this same alleged incident. The first suit was dismissed without prejudice because the complaint stated no facts indicating that the named defendants were personally involved in the taking of Tyler's papers, and his dismissal was affirmed on appeal. *Tyler v. Sachell,* 590 F.2d 340 (8th Cir., 1978).

plaintiff will ultimately prevail or is likely to prevail, but only whether the claimant is entitled to offer evidence to support the claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). With respect to defendant Woodson, we, therefore, reverse and remand for further proceedings.

Finally, Tyler also appeals the denial of his motion to disqualify the judge of the District Court. This claim is without merit. The affidavit in support of the motion states no facts to support Tyler's allegations of bias and prejudice as required by 28 U.S.C. § 144. Moreover, even if true, the assertions Tyler makes in his memoranda to the District Court and in his brief on appeal are not such as to mandate disqualification either under 28 U.S.C. § 144, or under 28 U.S.C. § 455. And, plaintiff's assertions notwithstanding, we can discern no reason why the judge should be called as a witness in this case. Therefore, the District Court properly denied the motion for disqualification.

Affirmed in part, reversed and remanded in part.