Conrad SLAY, Jr., Plaintiff-Appellant,

v.

STATE OF ALABAMA et al.,
Defendants-Appellees.

No. 79–2861.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 12, 1981.

Rehearing and Rehearing En Banc
Denied March 16, 1981.

Edward Still, Birmingham, Ala. (Court-appointed), for plaintiff-appellant.

Susan Dominick, J. Terrell McElheny, Birmingham, Ala., for defendants-appellees.

Before MORGAN, FAY and FRANK M. JOHNSON, Jr., Circuit Judges.

FAY, Circuit Judge:

Conrad Slay, Jr., an inmate of the Alabama State Prisons, appeals the District Court's grant of summary judgment in favor of the State of Alabama and other defendants on his verified pro se complaint alleging deprivation of his civil rights in violation of 42 U.S.C. § 1983 (1976) We find that summary judgment was unseasonably granted as to one count and we therefore reverse in part the decision of the District Court.

## I.

Appellant was incarcerated in the Jefferson County, Alabama Jail, Birmingham Division, from September 19, 1978 until January 18, 1979 when he was transferred to the state penal system. He is a diabetic and in need of constant medical treatment for this condition. By a verified section 1983 form complaint appellant filed suit against the State of Alabama, Lionel L. Bragan, Chief Correctional Officer of the Jefferson County Jail; Mel Bailey, Jefferson County Sheriff; and Ned Whitehead, Medical Assistant at the Jefferson County Jail, complaining that his constitutional rights had been violated by the appellees' failure to provide proper and adequate medical attention, and the confiscation of materials appellant was compiling about his life with Jesus Christ. Specifically he alleged the following acts of personal medical mistreatment: (1) that the doctor failed to leave out his needle [presumably containing insulin] resulting in his passing out; (2) that Ned Whitehead refused to take appellant to the hospital for blood sugar, back and heart checkups; (3) that appellant is unable to get his daily activity as he should. Record, at 4. As to his religious writings, appellant alleges that he gave twenty-one or twenty-two sheets of notes to a teacher to be copied, that these notes were returned to a guard's desk and that Sgt. McConico refused on January 6, 1979 to return them to appellant. Record, at 3.

Appellant filed his verified pro se complaint, *in forma pauperis*, on January 12, 1979 requesting $20,000 in damages and his release. On February 9, 1979 the magistrate ordered appellees' attorney to submit a written report responding to the factual allegations of the complaint. This factual response was filed on March 6, 1979 and the appellees moved for summary judgment, supported by affidavits submitted by the jail's warden and physician, on March 30, 1979. These affidavits stated, as to the medical claims, that based upon prison medical records appellant had been given insulin every day of his incarceration. Record, at 23. The affidavits did not address the deprivation of medical checkups and exercise allegations. As to the confiscation of appellant's religious notes, the appellees' affidavits do not dispute the confiscation but rather go off point and deny the taking of such papers during in-processing of appellant and state that all of appellant's possessions were returned when he was transferred to the state prison. Record, at 24. In response to appellees' motion for summary judgment, appellant filed a cross-motion for summary judgment. However, this motion has been abandoned on appeal. Supplemental Brief of Appellant, at 13. On June 22, 1979 the District Court granted appellees' motion for summary judgment and denied that of appellant. This appeal ensued.

## II.

■ Appellant's factual allegations as to the confiscation of his religious writings are not refuted by appellees' affidavits. However, a fatal defect for appellant's cause remains. The appellant alleges only that Sgt. McConico confiscated his writings, yet this individual has not been named as a defendant, nor has appellant alleged that Sgt. McConico's act was pursuant to an established County practice, policy or custom. The issue of vicarious liability for local government officials in section 1983 suits was recently settled in *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). The appellees can not be held liable for damages on this basis and the District Court's decision on this count is correct.[1] *See also Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Tyler v. Woodson*, 597 F.2d 643 (8th Cir. 1979).

■ The allegations regarding appellant's medical treatment claims disclose that there are genuine issues of material fact in the context of a verified pro se

---

**1.** This point was correctly recognized and conceded by counsel for appellant in a supplemental letter brief. Such action is consistent with counsel's ethical obligations as an officer of the court.

complaint opposed by affidavits. The District Court's determination appears to have been a credibility choice in favor of the appellees. However accurate that determination may be, and we express no opinion as to the merits of appellant's claim, summary judgment is proper only when no genuine issue of material fact exists. Fed.R. Civ.Proc. 56(c). This case is not meaningfully distinguishable from the situation presented in *Murrell v. Bennett*, 615 F.2d 306, 309–10 (5th Cir. 1980) and is governed by it. Further, appellant is not estopped by the mere filing of his cross-motion for summary judgment from now asserting genuine issues of fact. *See Schlytter v. Baker*, 580 F.2d 848, 849 (5th Cir. 1978). The record does not show a basic agreement concerning the dispositive material facts of appellant's medical treatment.[2] *See Bricklayers Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975). Therefore, this portion of the District Court's order must be REVERSED and REMANDED.

---

**2.** Appellant's arguments, in his cross-motion for summary judgment, that he was given overdoses of insulin by prison doctors raises questions of credibility but do not negate the existence of genuine issues of fact. It is conceivable that appellant suffered from both insulin deprivation and overdoses during his incarceration. However this can not be determined without further evidential development.