**John McGEE, Plaintiff,**

v.

**SOUTH PEMISCOT SCHOOL DISTRICT R–V, et al., Defendants.**

**No. S 81–0132 C.**

United States District Court,
E. D. Missouri,
Southeastern Division.

July 8, 1982.

David G. Beeson, Buerkle, Lowes, Beeson & Ludwig, Jackson, Mo., for plaintiff.

James E. Reeves, Ward & Reeves, Caruthersville, Mo., for defendants.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon defendants' motion for a judgment notwithstanding the verdict and for the conditional grant of a new trial pursuant to Rule 50(b)(c) of the Federal Rules of Civil Procedure. Plaintiff has also moved for an order of equitable relief and for the award of attorney's fees. Defendants' motion for a judgment notwithstanding the verdict (hereinafter JNOV) will be granted and the Court will conditionally grant defendants a new trial. Since the Court sustains defendants' JNOV and new trial motions, it is unnecessary to reach plaintiff's motion for equitable relief and attorney's fees and therefore those motions will be denied.

The instant case was tried to a jury during the week of May 10, 1982. The jury returned a verdict for plaintiff and assessed damages against defendants in the amount of Ten Thousand Dollars ($10,000).

The law places a premium on the jury's function as the factfinder. The jury's prerogative will only be usurped under a strict standard which requires the Court to determine, as a question of law, that there was insufficient evidence to present a jury issue. The Eighth Circuit Court of Appeals has fairly recently articulated the test which should be employed to determine whether the grant of a JNOV is proper:

A verdict is properly directed only 'when the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict'. In reviewing the

evidence, the district court must view the evidence in the light most favorable to the non-moving party and must give him the benefit of all inferences in his favor reasonably to be drawn from the evidence. But, if the evidence is such that reasonable persons could not differ as to the conclusion that the non-movant has failed to meet its burden as to an element essential to its case, then it is the duty of the trial court to enter a directed verdict or judgment notwithstanding the verdict. Thus, under these principles, it is clear that the trial court should sustain a motion for a directed verdict when there is no substantial evidence to support a contrary verdict, that is, when the non-moving party has presented insufficient evidence to support a jury verdict in his favor.

*Mulholland v. Schneider Service Co., Inc.*, 661 F.2d 708, 711 (8th Cir. 1981). (citations omitted).

After viewing the evidence presented in this lawsuit, the Court believes the grant of a JNOV is proper for the following reasons.

■ One, plaintiff's evidence failed to prove that the non-renewal of his contract was motivated because of his exercise of free speech and that his contract would have been renewed but for consideration of the alleged First Amendment activities as required by *Mount Healthy School Dist. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Although plaintiff sued all six school board members, he voluntarily dismissed as to four of them for the obvious reason that he had no cause of action against them. Included in those voluntarily dismissed was defendant Harris who constituted one of the three who voted not to renew plaintiff's contract. The evidence is equally lacking against the two remaining individual defendants, Fisher and Bruton.

As to Fisher, the only statement attributable to him was plaintiff's first witness, the politician, Eugene Hayes, who testified that Fisher said he was "going to get McGee's job".

Although Fisher denied this statement, plaintiff offered no evidence to explain the reason the statement was made nor was there any evidence of the context in which the statement was made. Under Missouri law, Fisher has a right to "get McGee's job", since plaintiff was a non-tenured teacher. It is only when "getting a job" is caused by First Amendment activities that a federal claim arises. Plaintiff submitted no evidence upon which a favorable inference could be drawn that Fisher's statement was motivated by a desire to quell plaintiff's First Amendment rights.

With respect to Bruton, plaintiff claims that Bruton told him he would still have his job if he had not gone to the newspaper. Although Bruton vociferously denies this statement, this statement standing alone is insufficient to establish the decision to re-hire would have been made any different absent consideration of the claimed First Amendment activity. This is especially true, where as here, each member of the School Board testified that in view of what they now know about plaintiff, McGee, they would not have voted to rehire him. The clear reality of the situation is that plaintiff McGee does not have one single vote for reemployment and even if Bruton's statement evidences a violation of McGee's First Amendment rights, there is no proof that Bruton's decision would be any different absent consideration of the newspaper article and, more importantly, *Bruton's vote alone could not cause the failure to rehire McGee because the other five members of the board would not have voted to rehire McGee.* In short, the statements of Fisher and Bruton, which were not corroborated by other evidence, are simply an insufficient basis on which to submit plaintiff's First Amendment and § 1983 claims to the jury.

Two, the tie vote did not establish an official policy or custom of a governmental body so as to render it liable under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977). In *Monell*, the Supreme Court expressly rejected respondeat superior as a theory of liability and required that the alleged unconstitutional conduct must

reflect a decision, policy or custom of the local government body. *Id.* at 691, 98 S.Ct. at 2036. In the case at bar, the defendant school board simply did not act. There was a tie vote which could not constitute action by a local government. Under Missouri law, a majority vote is necessary to establish any rule or decision of a governmental body and absent such action there can be no liability imposed upon the defendant school district. *See Tyler v. Woodson*, 597 F.2d 643 (8th Cir. 1979).

Finally, the plaintiff has not been damaged. Indeed, plaintiff testified that he had obtained a better job. Plaintiff further testified that he had lost no work as a result of not being reemployed at South Pemiscot School District and had obtained a new contract paying more money at the Marionville School District in Southwest Missouri. Since plaintiff has obtained a better job at more pay, he cannot now claim damages. His situation is very similar to one of the plaintiffs in *Smith v. Board of Education*, 365 F.2d 770 (8th Cir. 1966). (Opinion by then Circuit Judge Blackmun). The plaintiff in *Smith* had obtained a better job and the court noted in response that "he thus has made his considered choice and waived any possible claim to relief to which he might otherwise be entitled." *Id.* at 784. The Court does not grant defendants' JNOV motion merely because it believes the jury should have found in defendants' favor, rather, the Court's decision stems from its belief that the evidence is all against plaintiff and to allow the verdict to stand would constitute a miscarriage of justice. The evidence was such that reasonable minds could not disagree on a verdict for defendants.

■ Defendants have also moved for the conditional grant of a new trial pursuant to Rule 50(c)(1). The Court has wide discretion on a motion for a new trial and may consider the credibility of witnesses and the weight of the evidence. Wright & Miller, *Federal Practice and Procedure*, § 2531 at 575 (1970). It is clear to the Court that the verdict in this case was contrary to the clear weight of the evidence. Six School Board members, one former School Board member, the Principal, the Superintendent and the Athletic Director all testified that based upon McGee's job performance, they would not vote nor recommend that he be reemployed by South Pemiscot School District. There was sufficient evidence to infer that McGee's claim for violation of civil rights was prompted by the editor of the local newspaper, who for some reason was waging a war against the School Board because junior high track was eliminated. McGee's failure to obtain a new contract was simply due to his own failure to communicate with his superiors and to follow standard departmental policies, particularly with regard to purchasing. All the supervisors testified to that effect and the evidence also showed that plaintiff continued to have a problem with communication and cooperation after leaving South Pemiscot. Most importantly, plaintiff's own testimony discloses that after obtaining a better job at Marionville, he got into a controversy with his supervisor there and was asked to resign after one year. The jury's finding on the issue of liability is astounding and incredible and could not have been prompted by any fair and reasonable consideration of the evidence. This was a runaway jury.

McGee's credibility was impeached by two of the School Board members who voted initially to reemploy him, Jones and Cohoon, both of whom testified that McGee had sworn falsely. McGee did not take the stand to contradict their testimony in rebuttal.

■ As to damages, a verdict of Ten Thousand Dollars ($10,000) in actual damages is unsupportable by the evidence. Plaintiff even testified that his damages, under the most liberal construction, could not have exceeded Seven Thousand Dollars ($7,000). The jury's damage award was arbitrary, capricious and totally out of line with the evidence. For these reasons, the Court believes it is proper to conditionally grant defendant's a new trial should the Court's grant of a JNOV be overturned.