Tyrone H. MAGGETTE, Appellant,

v.

Stephen DALSHEIM, et al., Appellees.

No. 1047, Docket 82–2200.

United States Court of Appeals,
Second Circuit.

Argued March 24, 1983.

Decided June 10, 1983.

Douglas F. Broder, New York City, for appellant.

Frederick S. Cohen, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., George D. Zuckerman, Deputy Sol. Gen., Gerald J. Ryan, Ellen S. Weisburd, Asst. Attys. Gen., New York City, of counsel), for appellees.

Before OAKES, CARDAMONE and WINTER, Circuit Judges.

OAKES, Circuit Judge:

This appeal is from an order of the United States District Court for the Southern District of New York, Henry F. Werker, Judge, granting a motion for judgment on the pleadings and dismissing a pro se civil rights complaint brought by prison inmates against their superintendent and deputy superintendent as well as "know[n] and unknown officer[s]." The complaint was dismissed on June 1, 1982. Tyrone Maggette, one of the named plaintiffs, then filed a notice of appeal which was certified by the district judge to be frivolous and not taken in good faith, but this court granted an in forma pauperis motion and assigned counsel in November, 1982. On February 3, 1983, Maggette filed an affidavit with the district court alleging that he had not received notice of the defendants' motion to dismiss until he received notice that it had been granted, and that he was never told by defendants' counsel or the court that the action would be dismissed if he did not respond to the motion.

Read liberally, the complaint by Maggette and two other Downstate Correctional Facility inmates[1] alleged systematic verbal harassment and physical and sexual abuse, interference with mail and visitation rights, inadequate food and medical care, and due process violations during a disciplinary hearing. Injunctive and supervisory relief was sought as well as investigation of the disciplinary procedures at the prison and money damages. The Southern District recommended form complaint[2] named as defendants Dalsheim and Sperbeck, respectively Superintendent and Deputy Superintendent for Security at Downstate, "know[n] and unknown officer[s]," and "Doctor ChuKiert." The body of the complaint, however, alleged wrongdoing by "counselor James O'Connell," "officer C.J. Richmound," "Ralph," the "Beat-Up Squad," and unnamed officers on duty in named locations at stated hours and days.

The State answered the complaint and thereafter moved for judgment on the pleadings, requesting that the complaint be dismissed solely for failure to state a claim upon which relief could be granted, a ground which under Fed.R.Civ.P. 12(h)(2) may be raised after the pleadings are closed by a Rule 12(c) motion, which is then treated like a Rule 12(b)(6) motion. *See George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 n. 2 (2d Cir.1977). The motion was accompanied by an affidavit to the effect that the original complaint failed to allege "any personal knowledge, involvement, participation, or cooperation in the challenged conduct by defendants Dalsheim or Sperbeck," and a memorandum of law arguing that the doctrine of respondeat superior did not supply a basis for liability. The affidavit of service accompanying the notice of motion "for a judgment on the pleadings and for such other and further relief as this Court may deem just and proper" indicates that the motion papers were served on each of the incarcerated plaintiffs by mail on March 8, 1982; April 8 was named in the notice as the motion date. Although Maggette claims that he never received the State's papers, the Attorney General's office claims that the papers mailed to him were never returned. In any event, the plaintiffs did not respond, and on May 26, 1982, the district court granted the motion to dismiss in

---

1. Maggette, Jeffrey Brinson, and Samuels Bradshaw filed the complaint, which they titled a "class action" in their affirmation of facts. Only Maggette appealed from the dismissal.

2. The Southern District's pro se office routinely provides a seven-page complaint form, adopted from The Federal Judicial Center's *Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts* (1980). The court's Local Rules do not require use of that form if a complaint complies with the Federal Rules and S.D.N.Y. Civil Rule 1. *See* Comment, State Prisoners, Federal Courts, and Playing by the Rules: An Analysis of the Aldisert Committee's Recommended Procedures for Handling Prisoner Civil Rights Cases, 5 U. Puget Sound L.Rev. 131 (1981).

a memorandum endorsement "not only because of the default of the plaintiffs but also because they have not alleged any personal knowledge or participation by the officials named as defendants." Our review of the record fails to disclose any default by the plaintiffs justifying dismissal, and under our reading of the allegations contained in the complaint with respect to defendants Dalsheim and Sperbeck we view them sufficient to withstand a motion to dismiss. We therefore reverse.

## DISCUSSION

### 1. The plaintiffs' default.

The district court's reference to and apparent reliance on "the default of the plaintiffs" is difficult to understand. Nothing in either the Federal Rules of Civil Procedure or the Civil Rules of the Southern District requires a court to grant a motion by default simply because the nonmoving party fails to respond. Although the Southern District's Civil Rules provide that parties should file a memorandum in support of, or in answer to, a motion, and that a "failure to comply" with the rule "may be deemed sufficient cause for the denial of the motion or the granting of the motion by default," S.D.N.Y.Civ.R. 3(b), the procedural posture of this case at the time the complaint was dismissed makes it clear that, even if Maggette had received notice of the State's motions, there was no obligation to reply. The State moved for judgment on the pleadings. Although Maggette was certainly entitled to submit papers in opposition to the State's motion, it was also appropriate for him simply to rely on his pleadings. Where, as here, the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute a "default" justifying dismissal of the complaint.

Because the district court may have considered matters outside the pleadings, thus arguably converting the 12(c) motion into a motion for summary judgment under Fed.R.Civ.P. 56, the "default" mentioned by the district court might have referred to the plaintiffs' failure to submit affidavits or supporting materials opposing the State's affidavit and memorandum. Rule 12(c), however, like its analogue Rule 12(b)(6), specifically requires that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Because a court is not obligated to treat a 12(c) motion as a motion for summary judgment, a "reasonable opportunity to present all material" pertinent to a summary judgment necessarily requires "some indication by the court to 'all parties' that it is treating the ... motion as a motion for summary judgment." *Dale v. Hahn,* 440 F.2d 633, 638 (2d Cir. 1971). *See also Franklin v. Oklahoma City Abstract and Title Co.,* 584 F.2d 964, 967 (10th Cir.1978); *Plante v. Shivar,* 540 F.2d 1233, 1235 (4th Cir.1976) (per curiam). Thus, several circuits have held that before summary judgment can be granted against a pro se prison inmate, there must be some notice of the possible consequences of failing to respond with contravening affidavits. *See Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982); *Davis v. Zahradnick,* 600 F.2d 458, 460 (4th Cir.1979) (per curiam); *Hudson v. Hardy,* 412 F.2d 1091, 1094 (D.C. Cir.1968) (per curiam). We believe that a party proceeding pro se is entitled to notice of the consequences of failing to respond to a motion to dismiss or for judgment on the pleadings which is being treated as a motion for summary judgment.

Whether the district court treated the State's 12(c) motion as a 12(b)(6) motion, a motion for summary judgment, or as a motion to dismiss for want of prosecution, dismissal was inappropriate. If the motion was treated as one brought under 12(b)(6), no response was necessary. If the motion was treated as one for summary judgment, the plaintiffs were entitled to notification to that effect so that they could augment their complaint. Finally, we have held that a dismissal for failure to prosecute will not be sustained unless it is clear from the record that the party has either by direct notice or other circumstances acquired knowledge that dismissal by virtue of his conduct or omission to act is a possibility. *Saylor v. Bastedo,* 623 F.2d 230, 238–39 (2d

Cir.1980). *See also Schenck v. Bear, Stearns & Co.,* 583 F.2d 58, 60 (2d Cir.1978). The interests of justice will be better served if before granting a default judgment or a dismissal by virtue of default in the case, as here, of a pro se incarcerated plaintiff, he is advised by the court of the action contemplated. As we have said, a default judgment is a drastic remedy, a weapon of last, rather than first, resort. *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981) (per curiam).

### 2. *Insufficiency of the complaint.*

■ If we look only at the second or alternative grounds for the granting of the motion as stated by the district court, the failure to allege personal involvement upon the part of Deputy Superintendent Sperbeck or Superintendent Dalsheim, we have just as much difficulty with the dismissal. As we have recently held, a prisoner's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bayron v. Trudeau,* 702 F.2d 43 (2d Cir.1983). For purposes of dismissal, the allegations in the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972) (per curiam). As we read the complaint in the favorable light required by, e.g., *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam), *cited with approval in Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–176, 66 L.Ed.2d 163 (1980) (per curiam), the complaint alleges that Dalsheim himself promulgated and ordered the carrying out of policies that were themselves violations of the constitutional rights of Maggette and his fellow prisoners. We believe the allegation sufficient to support a claim that these violations took place with Dalsheim's "authorization, approval or encouragement." *Turpin v. Mailet,* 619 F.2d 196, 201 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). And as to Deputy Superintendent Sperbeck, the complaint charges him with carrying out these policies as well as denying Maggette the right to call witnesses at a disciplinary hearing that Sperbeck conducted.

■ In addition, given the Federal Rules' liberal policy of amendment of complaints, Fed.R.Civ.P. 15, Maggette should have the opportunity to amend his caption and serve the additional prison officials named or described in the complaint. *See Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir.1981) (allowing pro se plaintiff to name administrative officer as defendant although administrator may not be directly responsible; administrative officer in turn may identify persons actually responsible); *Chavis v. Rowe,* 643 F.2d 1281, 1290 n. 9 (7th Cir.) (pro se plaintiff's failure to name particular defendant not bar to Eighth Amendment claim), *cert. denied,* 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225 (1981); *Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir.1980) (unnecessary for pro se plaintiff to name particular defendants until he can identify persons responsible through discovery or with aid of court). *But see Slay v. Alabama,* 636 F.2d 1045, 1046 (5th Cir. Unit B 1981) (dismissal appropriate where defendant fails to name alleged wrongdoer as defendant or to allege that actions were part of an established practice or policy). We believe *Maclin* states the preferable view for the district court to follow.

Reversed and remanded.