715 F.2d 390
 Winston HOLLOWAY, Appellant,
v.
Ronald DOBBS, Mr. Tansey, Ronald Raley, and Mr. Selvey,
Employees, Cummins Unit, and Mr. Vernon
Housewright, Director, Arkansas
Department of Correction, Appellees.
 No. 82-1680.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1983.
Decided Aug. 12, 1983.
 
 Victor A. Fleming, Hoover, Jacobs & Storey, Little Rock, Ark., for appellant.
 Steve Clark, Atty. Gen. by Dennis R. Molock, Deputy Atty. Gen., Little Rock, Ark., for appellees.
 Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and WANGELIN,* District Judge.
 PER CURIAM.
 
 
 1
 Winston Holloway sued the director of the Arkansas Department of Correction and four employees of the Diagnostic Unit at Pine Bluff, Arkansas under 42 U.S.C. § 1983, alleging numerous deprivations of his rights while an inmate there. The district court[1] dismissed Holloway's complaint for failure to state a claim upon which relief could be granted. We affirm.
 
 
 2
 On November 17, 1980, Holloway filed a fourteen-page complaint covering events surrounding his confinement at the Pine Bluff Diagnostic Unit from September 5, 1980 to October 13, 1980. His complaint primarily chronicles his day-to-day grievances concerning conditions in prison and his treatment by prison authorities during this period. He alleges the following deprivations, among others: the denial of access to television during morning hours; the lack of warm water in taking a shower; the failure to provide lunch while in court for a hearing (his attorney evidently purchased lunch for him); the restrictions placed on weekend visitations; the inability to see family and friends at midnight; the denial of certain furnishings in his maximum security cell; the unavailability of Shepard's Citations and United States Code Annotated in the prison law library; and the use of wrist restraints and fetters during a "wild" ride to federal courthouse for hearings on one of his several lawsuits, producing neck and ankle complaints. Holloway stated that the prison doctor prescribed medication for the neck complaint, which remedied the injury "very well," and recommended that his ankles be wrapped before any further long-distance travel in fetters. Holloway sought various forms of relief, including damages in the amount of $100 per day. His complaint revealed that he had filed twelve earlier lawsuits naming a total of thirty-eight defendants involving other claims of improper treatment by prison authorities.
 
 
 3
 Subsequent to the filing of answers by defendants Dobbs, Tansey, Raley, and Selvey, and of a motion to dismiss by defendant Housewright, Holloway sought permission to amend his complaint setting forth additional grounds for relief. He alleged that on October 14, 1980 he was transported from the Pine Bluff Diagnostic Unit to the federal penitentiary in Texarkana, Texas "san's [sic] any bandage and in direct conflect [sic] with the orders of Doctor Williams, and thus did further cause great pain and mental anguish to plaintiff." Holloway stated that he made repeated requests to Officers Raley, Reeves, White, and Crain to provide him with ankle bandages but that they refused to comply with his request and the doctor's orders. He asked for declaratory and injunctive relief and damages in the amount of $20,000 for pain, suffering, and deprivation.
 
 
 4
 The district court dismissed Holloway's initial complaint and did not rule on his motion for leave to amend.
 
 
 5
 On appeal Holloway contends that his pleadings were sufficient to state a claim under section 1983. He also cites as error the court's failure to grant him leave to amend his pleadings to add a claim based on the alleged indifference to his medical needs.
 
 I.
 
 6
 In his challenge to the dismissal of his complaint, Holloway's most substantial contention is that he was denied access to his legal materials and that this denial impaired his ability to communicate with his attorney and to prepare himself for pending litigation on an unrelated complaint. His complaint alleges that he did not have access to two boxes of his legal materials and that, on one of his trips to court, the guard accompanying him brought the wrong set of boxes. On one occasion, because he did not have the right documents, he was unable to meet with counsel and was taken back to Pine Bluff before he could discuss the case with her.
 
 
 7
 In Tyler v. Woodson, 597 F.2d 643, 644 (8th Cir.1979) (per curiam), this court stated, "The taking of a prisoner's legal papers states a claim under 42 U.S.C. §§ 1983 or 1985 if the taking results in interference with or infringement of the prisoner's constitutional right of access to the courts." [Quoting Tyler v. "Ron" Deputy Sheriff or Jailor/Custodian of Prisoners, Div. 15, St. Louis County Circuit Court, 574 F.2d 427, 429 (8th Cir.1978) (per curiam).] In Woodson, however, the pro se litigant specifically alleged that the chief social worker in the county jail had confiscated his legal papers, that important papers were not returned to him, and that the lack of these papers impaired his ability to defend himself at trial. Accordingly, we held the complaint sufficient to state a claim for infringement of the prisoner's constitutional right of access to the courts.
 
 
 8
 This case is distinguishable from Woodson in two important respects. First, Holloway did receive his legal materials. Holloway's complaint conceded that all of his legal materials were located and that he was given complete access to them, as well as access to the prison law library. Second, Holloway was represented by court-appointed counsel during the complained-of period, and there is no claim that his counsel was impaired in her access to the courts on his behalf. Therefore, accepting the allegations as true and construing them in the light most favorable to plaintiff, we hold that Holloway's complaint does not state a claim for infringement of his right of access to the courts.
 
 
 9
 In addition to the above claim, numerous other deprivations are alleged in Holloway's fourteen-page complaint. These allegations, however, are essentially a catalog of complaints concerning the day-to-day operation of the prison and do not state violations of a constitutional magnitude. As we have previously stated, "Control of the administrative details of state prisons lies exclusively in the hands of state officials." Goff v. Menke, 672 F.2d 702, 705 (8th Cir.1982); accord, Native American Council of Tribes v. Solem, 691 F.2d 382, 384 (8th Cir.1982). The district court did not err in dismissing the complaint for failure to state a claim upon which relief could be granted.
 
 II.
 
 10
 Holloway also contends that the district court abused its discretion in refusing to permit him to amend his pleadings under Fed.R.Civ.P. 15(a). In his proposed amended complaint, Holloway alleged that prison officers had refused to comply with the doctor's order that "kling" bandages be wrapped around his ankles before any further long-distance travel in fetters. This treatment, Holloway claimed, constituted cruel and unusual punishment in violation of the eighth amendment. The district court did not rule on the motion, and we treat this as denial of leave.
 
 
 11
 The decision as to whether to grant leave to amend is entrusted to the sound discretion of the district court, and the exercise of that discretion will be reversed only when it has been abused. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Norbeck v. Davenport Community School District, 545 F.2d 63, 70 (8th Cir.1976), cert. denied, 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).
 
 
 12
 Here the district court was justified in denying leave to amend because Holloway's complaint, as amended, could not withstand a motion to dismiss. See Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir.1980), cert. denied, 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981); DeLoach v. Woodley, 405 F.2d 496, 496-97 (5th Cir.1968) (per curiam); Byrne v. Kysar, 347 F.2d 734, 736-37 (7th Cir.1965), cert. denied, 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed.2d 668 (1966). The liberal amendment rules of Fed.R.Civ.P. 15(a) do not require that courts indulge in futile gestures. DeLoach v. Woodley, 405 F.2d at 496-97.
 
 
 13
 In Estelle v. Gamble, 429 U.S. 97, 104, 106, 97 S.Ct. 285, 291, 292, 50 L.Ed.2d 251 (1976), the Supreme Court held that inadequate medical care does not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." [Emphasis added.] The allegations in Holloway's amended complaint manifestly belie the existence of the requisite gravity.[2] Holloway's complaint that in one instance his ankles were not wrapped and padded with "kling" bandages before he was fettered relates to a question of personal comfort during his transportation and does not resemble those situations, cited in Estelle, 429 U.S. at 105 n. 12, 97 S.Ct. at 291 n. 12, where substantial or vital medical needs were alleged to have been ignored. See Wilbron v. Hutto, 509 F.2d 621, 622 (8th Cir.1975) (per curiam) (prison officials allegedly refused to return prisoner to hospital for required surgery on injured hand and instead forced him to work in fields, causing further injury to hand); Campbell v. Beto, 460 F.2d 765, 766-67 (5th Cir.1972) (prison officials allegedly refused to give prisoner prescribed medication for heart condition and willfully gave him hard labor assignment, resulting in heart attack); Martinez v. Mancusi, 443 F.2d 921, 924-25 (2d Cir.1970) (prison officials allegedly returned plaintiff prematurely to prison after surgery in defiance of explicit medical instructions, resulting in serious and obvious injuries), cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971); Tolbert v. Eyman, 434 F.2d 625, 626 (9th Cir.1970) (per curiam) (warden allegedly refused to allow diabetic prisoner authorized medicine to prevent serious harm to his health); Edwards v. Duncan, 355 F.2d 993, 994 (4th Cir.1966) (per curiam) (prison officials allegedly deprived prisoner of special medical diet prescribed for heart condition and maliciously placed him in solitary confinement, causing irreparable physical damage). Accepting the allegations as true and construing them in the light most favorable to plaintiff, we conclude that the amended complaint does not state a claim upon which relief could be granted. Accordingly, we find no abuse of discretion in denying leave to amend.[3]
 
 
 14
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Holloway also fails to state the requisite deliberation with respect to defendants Dobbs, Tansey, Selvey, and Housewright. Only one of the named defendants, Officer Raley, is alleged to have participated in the incident
 
 
 [3]
 Technically, with respect to defendant Housewright, Holloway was not required to seek leave to amend, since the defendant had not yet served a responsive pleading to Holloway's complaint. Fed.R.Civ.P. 15(a). This distinction, however, would not affect the result reached in this case. Although it is improper for a district court to deny leave to amend when asked by a party who is entitled to amend as a matter of course, Rogers v. Girard Trust Co., 159 F.2d 239, 241 (6th Cir.1947), here the error was harmless because the amended complaint fails to state a claim upon which relief could be granted. See Fed.R.Civ.P. 61