755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY D. TILL, PLAINTIFF-APPELLANT,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS THROUGH PERRY M. JOHNSON,
DIRECTOR; EDWARD PAINTER; SERGEANT BOB BASORE; DON FETHER;
DEAN MILLS; PAMELA WITHROW; FRANK ELO; DALE FOLTZ, LARRY
CARTER AND ELTON SCOTT, DEFENDANTS-APPELLEES.
 NO. 84-1180
 United States Court of Appeals, Sixth Circuit.
 1/22/85
 
 ORDER
 BEFORE: CONTIE and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Till requests counsel on appeal from the district court's judgment dismissing his prisoner's civil right complaint. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and Till's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Till is a prisoner at the Southern Michigan State Prison, and he has sued various prison officials concerning the conditions of his confinement and a disciplinary action taken against him. The allegations in Till's complaint concerning the physical conditions at the prison in the segregation facilities show that while those conditions may be harsh, they do not involve the unnecessary and wanton infliction of pain or punishment without penological justification that is required to state an eighth amendment violation. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Nor has Till shown the specific, personal connections necessary to establish a right of access to the courts or freedom of religion violation. Tyler v. Woodson, 597 F.2d 643, 644 (8th Cir. 1979); Teterud v. Burns, 522 F.2d 357, 360 (8th Cir. 1975).
 
 
 3
 The disciplinary proceedings punished Till for possessing a sharpened scissors. We have carefully examined the record and find that the disciplinary hearing panel's disposition of the physical evidence and witness issues were well within its discretion and did not create a due process violation. Wolff v. McDonnell, 418 U.S. 539, 563-7 (1974). Finally, we find that the hearing regarding the disciplinary action provided sufficient due process to justify the later security reclassification decision. Hewitt v. Helms, ---- U.S. ----, 103 S.Ct. 864, 874 (1983).
 
 
 4
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.