John William BROWN, Appellant,

v.

Norman COPELAND, Respondent.

No. 55461.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

John William Brown, Jefferson City, pro se.

Larry H. Ferrell, Cape Girardeau, for respondent.

CRIST, Judge.

The trial court granted summary judgment in favor of respondent (sheriff) in this civil rights case brought under 42 U.S.C. § 1983. We affirm.

John William Brown (prisoner) was taken from the Missouri State Penitentiary and incarcerated in Cape Girardeau for three days so he could testify in the murder trial of Steven Parkus. When the prisoner arrived at the Cape Girardeau County Jail, he possessed a box containing legal documents and postage stamps. The sheriff did not allow the prisoner to take the box to his cell and later denied him notary services. Although the box was not accessible during his stay, it was given back to the prisoner before he returned to the penitentiary.

The prisoner's petition alleged three claims: First, the sheriff denied him his constitutional right of access to the court by confiscating his legal papers; second, he was subjected to cruel and unusual punishment by being deprived of personal hygienic materials; namely, toilet paper, toothpaste and a toothbrush; and third, he was subjected to cruel and unusual punishment by being deprived of exercise during his three-day stay at the jail.

Under Rule 74.04, summary judgment is to be rendered only when it is clear from the pleadings, depositions, admissions on file, and any affidavits, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829[1–5] (Mo.App. 1984). There is no doubt the trial court properly dismissed this case.

■ The prisoner's first complaint about the temporary separation from his legal documents, stamps and refusal of notary service is without merit. No facts were alleged which showed the taking resulted in any interference with or infringement of his constitutional right of access to the court. *Tyler v. "Ron" Deputy Sheriff*, 574 F.2d 427, 429[3] (8th Cir.1978).

■ As far as prisoner's second claim is concerned, the affidavits of the sheriff and prisoner show that during prisoner's incarceration, toilet paper was available in the cell and both toothbrushes and toothpaste were available upon request. There are no facts in issue. *Black Leaf Products Co.*, 678 S.W.2d at 829. Providing supplies only upon request clearly does not shock the conscience or offend society's evolving notions of decency. *Sheley v. Dugger*, 833 F.2d 1420, 1428 (11th Cir.1987); *Green v. Ferrell*, 801 F.2d 765, 772[5] (5th Cir.1986).

■ Finally, the prisoner's claim the sheriff violated his Eighth Amendment rights by denying him adequate exercise bespeaks the fact the prisoner should never have brought this action. No health threat of any kind was ever alleged. *Id.* [6]. The prisoner was only at the jail for three days and left his cell several times to eat and testify at the trial.

Judgment affirmed.

SIMON, C.J., and HAMILTON, J., concur.