986 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerry William WEBER, Appellant,
v.
Frank W. WOOD; Steve Lydon; David Kampa; William
Hendrickson; Pat Phernetton; Ray Lais, Appellees.
 No. 92-2706.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 2, 1993.
Filed: February 5, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Weber, a Minnesota state inmate, appeals the district court's[1] grant of summary judgment for defendant prison officials in Weber's 42 U.S.C. § 1983 action arising out of defendants' seizure of legal materials. We affirm.
 
 
 2
 Defendants confiscated from Weber's cell legal materials relating to cases of other inmates, and returned them to the identified inmates. Weber alleged that the confiscated items included his personal legal materials, which he needed for his own active appeals. He claimed that defendants' actions denied him meaningful access to the courts. Defendants moved for summary judgment, attaching affidavits attesting they had taken the material because they had been informed Weber was charging inmates for providing legal services, in violation of prison policy; they also attached a prison policy prohibiting inmates from possessing legal documents belonging to other inmates. Weber opposed the motion, attesting that he had purchased some of the confiscated legal materials from district courts for his own pending court cases, and that he had lost a case in district court when-because of the confiscation-he was unable to cite support for an argument. Defendants replied, attaching Weber's state habeas petition and a transcript of an interview with Weber; in both, Weber admitted performing services for other inmates. Defendants also attached a list of the seized items, which included documents from ongoing judicial proceedings of Weber's fellow inmates.
 
 
 3
 Over Weber's objection, the district court granted defendants' motion for summary judgment. The court rejected the notion that "mere caselaw or plaintiff's own papers were taken," noting that the papers, transcripts, filings, letters, and orders related to the cases of twenty-five people, some of whom were fellow inmates. Although Weber maintained that he used these documents for his own cases, the court held that Weber's access-to-the-courts claim failed because he had not shown prejudice or actual injury as a result of the prison officials' conduct.
 
 
 4
 On appeal, Weber reasserts his prior arguments, and asserts for the first time that he lost two state court cases, which he identifies by docket number, because of the confiscation.
 
 
 5
 The taking of an inmate's legal papers states a claim under section 1983 if the taking "results in interference with or infringement of" the prisoner's right to access to the courts. Tyler v. "Ron" Deputy Sheriff, 574 F.2d 427, 429 (8th Cir. 1978)
 
 
 6
 (per curiam). While an inmate has an established "constitutional right to meaningful access to the courts," to assert a successful denial-of-access claim, "an inmate must demonstrate that he suffered prejudice." Berdella v. Delo, 972 F.2d 204, 209-10 (8th Cir. 1992).
 
 
 7
 We agree with the district court that Weber has not shown prejudice to any of his own court cases caused by defendants' confiscation of the documents in his cell. The conclusory allegation of his complaint-that he needed documents from other inmates' ongoing court cases to assist in his own appeals-did not set forth affirmative evidence or specific facts which are required to survive a motion for summary judgment. See City of Mt. Pleasant v. Associated Elec. Co-Op, Inc., 838 F.2d 268, 274 (8th Cir. 1988). Nor does Weber's most recent allegation-that he lost two court cases because of the confiscation of his legal materials-set forth specific facts showing how the confiscation resulted in negative judgments.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 9
 A true copy.
 
 Attest:
 
 10
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota