Morris LaSALLE, Plaintiff,

v.

Thomas A. COUGHLIN, Commissioner, Bert Ross, Superintendent, and Jackie Davis, Correction Officer, Defendants.

No. 93–CV–3454 (JRB).

United States District Court,
E.D. New York.

July 19, 1995.

Morris LaSalle, Staten Island, NY, pro se.

G. Oliver Koppell, Atty. Gen. of the State of N.Y. by Ronald Turbin, Asst. Atty. Gen., New York City, for defendants.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Plaintiff Morris LaSalle, an incarcerated felon, commenced this action *pro se* under 42 U.S.C. § 1983. Defendants Thomas Coughlin, Bert Ross, and Jackie Davis move under Rule 56 of the Federal Rules of Civil Procedure for summary judgment. For the reasons set forth below, defendants' motion for summary judgment is granted by default, and the action is dismissed in its entirety.

### Background

At the time of the events underlying this action, plaintiff was incarcerated at the Arthur Kill Correctional Facility in New York (the "Facility"). Plaintiff alleges that defendant Jackie Davis, a female corrections officer at the Facility, violated his civil rights on three separate occasions. First, LaSalle claims that on or about June 15, 1993, Davis refused to allow him to use the lavatory in his dormitory, causing him "pain and discomfort." (Complaint, ¶ 5.) LaSalle contends that Davis's behavior demonstrated "deliberate indifference to [his] serious medical needs," (*id.*), and thus violated the Eighth Amendment to the United States Constitution. Plaintiff further alleges that on or about June 20, 1993, Davis wrongfully accused him of verbally threatening her, and that as a consequence of this charge, authorities placed him in solitary confinement pending a hearing. LaSalle contends that Davis's false accusation subjected him to unwarranted confinement and "unnecessary ... discomfort and cruelty." (Complaint, ¶ 6.) Plaintiff's final claim objects to Davis's monitoring of the shower facility, where, on June 20, 1993, he asserts she observed him in the nude. Each instance purportedly constitutes a deprivation of plaintiff's constitutional rights.

Defendants interposed an answer to the *pro se* complaint, and moved for summary judgment on the ground that plaintiff failed to allege a constitutional violation. Alternatively, defendants Coughlin and Ross argue that they were not involved personally in the allegations set forth in the complaint, and therefore cannot be held liable under Section 1983. In addition, all defendants assert that the doctrine of qualified immunity shields them from liability and that the Eleventh Amendment bars plaintiff's claims.

Though defendants served a copy of the notice of motion and accompanying memorandum of law and supporting affidavits on plaintiff, LaSalle never responded to the motion and, aside from his pleading, has submitted no evidence in support of his claims. By letter dated May 2, 1995, the Court apprised LaSalle that, pursuant to Rule 3(b) of the Joint Rules for Civil Proceedings of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 3[b]"), his failure to submit papers in opposition to defendants' motion for summary judgment may be deemed sufficient cause for the granting of the motion by default. The Court allotted plaintiff thirty days to respond to defendants' motion if he wished to continue to prosecute the action. The May 2, 1995 letter was mailed to plaintiff at the Facility. After learning of LaSalle's release from custody, by letter dated May 17, 1995, the Court again attempted to contact plaintiff, this time at his new address, to inform him that his failure to oppose defendants' motion could result in dismissal of the action. The Court granted plaintiff another thirty days from the date of this second letter in which to oppose the motion. The Court received no response from LaSalle. Nevertheless, in a final attempt to contact plaintiff the Court sent a letter, dated June 26, 1995, by Federal Express to LaSalle's new address. This letter again admonished plaintiff that absent a response within two weeks of the date thereof, dismissal of the

action was imminent. Although the Court confirmed plaintiff's receipt of the June 26, 1995 letter, LaSalle submitted no response thereto, and the time in which to do so has expired.

*Discussion*

 Plaintiff's failure to interpose a defense and respond to this Court's repeated attempts to contact him provide sufficient justification for the granting of defendants' motion by default. Local Rule 3(b) states that the party opposing a motion "shall serve and file with the papers in opposition to the motion ... an answering memorandum ... setting forth the points and authorities relied upon in opposition." Local Rule 3(b) further provides that "*[f]ailure to comply may be deemed sufficient cause for the ... granting of the motion by default.*" (Emphasis added.) The failure to submit opposition papers implies consent to the motion, and constitutes adequate grounds for dismissal. *See, e.g., New Direct Prods., Inc. v. Texas Direct, Inc.,* 1995 WL 217579, 1995 U.S.Dist. LEXIS 4764 (S.D.N.Y. April 13, 1995); *American Apparel Assoc., Inc. v. D'Mode Classix, Inc.,* 1994 WL 176978, 1994 U.S.Dist. LEXIS 5814 (S.D.N.Y. May 5, 1994).

The present circumstances justify an order granting summary judgment in favor of defendants by default. Plaintiff was accorded every opportunity to avoid the contemplated dismissal. Indeed, the Court notified La-Salle of the consequences of his continued inaction in writing on three separate occasions, and confirmed plaintiff's receipt of the last of these notices, which included copies of the Court's previous letters. The law requires the Court to afford plaintiff no further solicitude. *See Ruotolo v. Internal Revenue Serv.,* 28 F.3d 6, 8 (2d Cir.1994); *Maggette v. Dalsheim,* 709 F.2d 800, 803 (2d Cir.1983). Although it is true that "a *pro se* plaintiff may be held to less stringent standards than are lawyers ...," failure by plaintiff to oppose this motion is grounds for granting the motion by default." *Silas v. Porter,* 1991 U.S.Dist. LEXIS 20434 at *1 (E.D.N.Y. November 21, 1991) (citation omitted).

*Conclusion*

For the reasons set forth above, defendants' motion for summary judgment hereby is GRANTED, and the action is DISMISSED in its entirety.

SO ORDERED.