**George J. NAUSS, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Defendant–Appellee.**

**No. 05–1711–CV.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

George J. Nauss, Wyandanch, NY, for Appellant, pro se.

Orelia E. Merchant, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys), Brooklyn, NY, for Appellees, of counsel.

Present: OAKES, STRAUB, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is **VACATED AND REMANDED** for further proceedings.

George Nauss ("Nauss"), *pro se,* appeals from the March 7, 2005, judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), upon a March 4, 2005, Memorandum and Order dismissing, for failure to comply with the District Court's individual rules, Nauss's complaint challenging the denial of his application for social security benefits. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues.

A district court's dismissal for failure to comply with a court order is reviewed for an abuse of discretion. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). In the present case, the district court relied on Individual Rule III.(H) in dismissing Nauss' complaint, which provides that, in "social security appeals"

> [m]otions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) must be made within sixty (60) days of the filing of the transcript with the Clerk of the Court. Failure to adhere to this rule will result in dismissal of the appeal, without prejudice and with leave to refile.

Individual Practices of Judge Joanna Seybert, III.(H). The District Court dismissed Nauss's complaint without prejudice to refiling his complaint, concluding that he had neither filed his own motion for judgment on the pleadings within sixty (60) days of the filing of the transcript with the Clerk of the Court, nor had he filed any response to the Commissioner's motion. However, neither Individual Rule III.(H) nor relevant case law provide that a plaintiff's failure to file a motion for judgment on the pleadings or to respond to the Commissioner's Rule 12(c) motion will result in the dismissal of his complaint. Rather, we have held that, if "the pleadings are themselves sufficient to withstand dismissal," a *pro se* complaint will not be dismissed simply because the complainant failed to respond to a Rule 12(c) motion. *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983). "[A] dismissal for failure to prosecute will not be sustained unless it is clear from the record that the party has either by direct notice or other circumstances acquired knowledge that dismissal by virtue of his conduct or omission to act is a possibility." *Id.* at 802–03 (citing *Saylor v. Bastedo,* 623 F.2d 230, 238–39 (2d Cir.1980)). Nauss was not informed either directly or indirectly that he was required to file his own motion for judgment on the pleadings or to respond to the Commissioner's Rule 12(c) motion in order to avoid dismissal of his complaint. Therefore, the District Court exceeded its discretion when it dismissed Nauss's complaint pursuant to Individual Rule III.(H).

Accordingly, the judgment of the District Court is **VACATED AND REMANDED** for further proceedings consistent with this order.